**Wayne E. SEUFERT and Robert A. Heuel, Appellants–Defendants,**

v.

**RWB MEDICAL INCOME PROPER- TIES I LIMITED PARTNER- SHIP, Appellee–Plaintiff.**

No. 45A03–9404–CV–160.

Court of Appeals of Indiana, Third District.

May 4, 1995.

Kenneth R. Abbott, Guilfoyle Thomas & Abbott, Jeffersonville, for appellants.

Alan H. Lobley, Suzanne S. Crouch, Ice Miller Donadio & Ryan, Indianapolis, for appellee.

**OPINION**

GARRARD, Judge.

The plaintiff, RWB Medical Income Properties I Limited Partnership, (hereinafter "RWB") sued Wayne E. Seufert and Robert A. Heuel (collectively "Seufert") for breach of a commercial lease. The trial court granted RWB's motion for summary judgment after Seufert failed to file a response in 30 days. Seufert appeals, arguing that summary judgment was inappropriate because his request for discovery was still pending.

*FACTS*

RWB filed its complaint on November 23, 1992, alleging that Seufert breached its commercial lease of a nursing home located in Merrillville, Indiana. RWB sought immediate possession of the leased property, all past due rent plus interest, and reasonable attorney fees.

On August 10, 1993, Seufert served RWB with interrogatories and a request for the production of documents. At the same time, Seufert requested that depositions of Frank Crosby and John Stoddard be scheduled in September. RWB responded on August 31, 1993, by stating that it would produce all requested documents at a mutually convenient time at its offices in Atlanta, Georgia. Although the parties dispute when Seufert received RWB's reply as to the depositions, RWB made the witnesses available on September 9 and 10 in Atlanta, Georgia. No notice of deposition was served by Seufert.

RWB filed its motion for summary judgment with attached affidavits, along with a supporting memorandum on August 24, 1993. The parties do not dispute that Seufert did not file a response to this motion, affidavits, or a request for a continuance within the 30 days allowed by Trial Rule 56(C). The court set a hearing on the motion for summary judgment for October 27, 1993.

On October 27, 1993, Seufert filed a response requesting a continuance of the sum-

mary judgment hearing, as well as a motion to compel discovery. The trial court found that Seufert, in failing to respond to plaintiff's motion for summary judgment within 30 days, failed to designate any evidence which would raise a genuine issue of material fact. Finding that RWB was entitled to judgment as a matter of law, the trial court entered judgment in favor of plaintiff for $908,772.40.

### ISSUE

I.  Whether the trial court erred by entering summary judgment in favor of plaintiff RWB.

### DISCUSSION AND DECISION

Seufert contends that the trial court erred in granting RWB summary judgment because RWB had not adequately responded to his requests for discovery. Seufert argues that offering production of documents and witnesses available for deposition in Atlanta, Georgia rather than in Indiana was not satisfactory. Without the information he would have obtained through discovery, Seufert claims he was unable to present issues of material fact in opposition to RWB's motion for summary judgment. Thus, Seufert asks this court to reverse the judgment against him.

In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton* (1994), Ind.App., 641 N.E.2d 665, 667. A trial court's grant of summary judgment is "clothed with a presumption of validity," and appellant bears the burden of proving that the trial court erred. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434. However, this court must carefully scrutinize the trial court's decision to ensure that the losing party is not improperly denied his day in court. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190. Summary judgment is appropriate only if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. T.R. 56(C); *Great Lakes Chemical Corp. v. International Surplus Lines Ins. Co.* (1994), Ind.App., 638 N.E.2d 847, 849, *reh. denied.*

Trial Rule 56(C) requires the non-moving party to respond as follows:

> ... *An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits.* The court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response. At the time of filing the motion or response, a party *shall designate* to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. (Emphasis added.)

In connection with a summary judgment motion, neither the trial court nor the reviewing court can look beyond the evidence specifically designated to the trial court. *Kissell v. Vanes,* (1994) Ind.App., 629 N.E.2d 878, 880. Trial Rule 56 requires that an adverse party designate evidence and material issues of fact in its "response," which must be filed within 30 days after the motion is served. *Cloverleaf Apartments, Inc.,* 641 N.E.2d at 667. If the non-moving party does not respond to a properly supported motion by setting forth specific facts showing a genuine issue for trial, then T.R. 56(E) mandates that summary judgment, if appropriate, be entered against him.

Seufert correctly states in his appellate brief that T.R. 56 gives trial courts discretion to order a continuance or to alter any time limits set forth in the rule. The pertinent parts of the rule state:

> (F) Should it appear from *the affidavits of a party opposing the motion* that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. (Emphasis added).

> (I) The court, *for cause found,* may alter any time limit set forth in this rule. (Emphasis added).

Seufert incorrectly assumes, however, that these remedies are available to a non-moving party who has failed to oppose or respond to the motion within the 30 day limit established by T.R. 56(C). After examining the rule in its entirety, we conclude that it requires a response by an adverse party within the required time frame. Should the party show by affidavit that he is unable to oppose the motion without discovery, then T.R. 56(F) allows the court to order a continuance. Similarly, T.R. 56(I) allows the court, *for cause found,* to alter time limits. However, the rule mandates that summary judgment, if appropriate, be entered against a non-moving party who fails to properly respond or designate evidence. Thus, a party may not wait until the summary judgment hearing to file a brief opposing the motion. *See Cloverleaf Apartments, Inc.,* 641 N.E.2d at 667.

■ Here, Seufert filed no affidavits opposing RWB's motion before the allotted 30 days expired. Nor did he request an extension for doing so. We find that T.R. 56 requires an adverse party to respond within 30 days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response. Seufert failed to act within the 30 day time frame. Thus, from the evidence designated to the trial court, we find summary judgment to have been appropriate.[1]

■ Seufert correctly states that it is generally improper to grant summary judgment when requests for discovery are pending. *Ludwig v. Ford Motor Co.* (1987), Ind. App., 510 N.E.2d 691, 700, *reh. denied, trans. denied; Roark v. City of New Albany* (1984), Ind.App., 466 N.E.2d 62, 66. Assuming his discovery requests remained "pending," Seufert has been unable to demonstrate why this rule should govern the present case. He has cited no authority applying the rule when the non-moving party failed to respond to the summary judgment motion within the required time frame. Nor have we found any.

Because Seufert did not oppose RWB's motion or request a continuance before 30 days expired, we do not reach his discovery argument.

■ Furthermore, Seufert has been unable to demonstrate why he needed discovery before he could oppose RWB's motion. Seufert claims he was denied information concerning "a new modified lease prepared by the plaintiff for the defendants' signatures" under which RWB waived its right to enforce the lease sued upon. Record at 322–323. Seufert insists that he needed a copy of the "amended lease" in order to oppose RWB's motion because I.C. § 32-2-1-1 requires all agreements which cannot be performed within one year to be in writing. Seufert says he would have risked sanctions under T.R. 56(G) had he submitted his own affidavit claiming the existence of an amended lease agreement.

Seufert's argument is without merit. He is not alleging that an oral lease agreement cured his default. Instead, he argues that a written agreement exists, but that he does not have a copy of it. Seufert could raise an issue of material fact and demonstrate his need for discovery by submitting his own affidavit indicating that he signed such an agreement which was in the possession of RWB. Moreover, if RWB made assurances that it would take no further action on the original lease as Seufert claims, then Seufert would have known enough to raise a question of fact, either by his deposition testimony or affidavit. Thus, Seufert has failed to demonstrate why he needed to discover information before he could oppose RWB's motion.

Judgment is Affirmed.

HOFFMAN and STATON, JJ., concur.

---

1. The designated evidence shows that defendants were responsible for liabilities on the lease, taxes on the property, accrued interest, and reasonable attorneys' fees. Moreover, the evidence indicates that defendants failed to pay rent and taxes on the property. Record at 142–147 and 225–227.