**Todd DALE, Appellant–Plaintiff,**

**v.**

**J.G. BOWERS, INC., Appellee–Defendant.**

No. 27A02–9807–CV–577.

Court of Appeals of Indiana.

April 22, 1999.

Christopher C. Myers, Shane C. Mulholland, Myers & Geisleman, Fort Wayne, Indiana, Attorneys for Appellant.

H. Joseph Certain, Joshua M. Howell, Kiley, Kiley, Harker, Michael & Certain, Marion, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

Todd Dale ("Dale") appeals the trial court's grant of summary judgment in favor of his previous employer, J.G. Bowers, Inc. ("Bowers"), on his complaint for retaliatory discharge. We reverse and remand.

*Issues*

Dale raises for our review on appeal the following restated issue: whether the trial court properly granted summary judgment in favor of Bowers.

*Facts and Procedural History*

Dale went to work for Bowers as a carpenter's assistant in the fall of 1994. In May 1995, Dale fell and injured his back in the course of his employment. He immediately notified his supervisor of the injury, but did not notify the owner until approximately July of 1995. After notifying the owner, Dale pursued a claim for worker's compensation benefits. He underwent several months of treatment for his injury with several different doctors.

In November 1995, Dale missed approximately three weeks of work for reasons related to his back injury. On November 21, 1995, Dale's physician, Dr. Kaelin, released him to work, subject to the following restrictions: no lifting in excess of 75 pounds occasionally, no lifting in excess of 35 pounds frequently, and no bending or climbing stairs or ladders occasionally. R. 69. Dale was to return to Dr. Kaelin in two weeks for reevaluation. On November 22, 1995, Dr. Kaelin gave Dale a total partial and permanent impairment rating of one percent. R. 71. On November 23, 1995, Bowers terminated Dale's employment, allegedly because the work restrictions rendered Dale unable to fulfill the requirements of his job.

Dale filed the current lawsuit against Bowers seeking damages for retaliatory discharge. At the completion of discovery, Bowers filed a motion for summary judgment, alleging that because Bowers did not terminate Dale "solely in retaliation for filing a worker's compensation claim," r. 33, the *Frampton* exception to Indiana's employment-at-will doctrine did not apply, and Bowers was entitled to judgment as a matter of law on Dale's common law claim for retaliatory discharge. After a hearing, the trial court granted Bowers' motion. Dale now appeals.

*Discussion and Decision*

### I. Standard of Review

Summary judgment is appropriate if the "designated evidentiary matter shows

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Pflanz v. Davis*, 678 N.E.2d 1148, 1150 (Ind. Ct.App.1997). If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute. *Kerr v. Carlos*, 582 N.E.2d 860, 863 (Ind.Ct.App.1991), overruled on other grounds, *Kennedy v. Murphy*, 659 N.E.2d 506 (Ind.1995). Even if the facts are undisputed, summary judgment is inappropriate where the evidence reveals a good faith dispute as to the inferences to be drawn from those facts. *Estate of Pflanz*, 678 N.E.2d at 1150.

On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Id.* at 1151. We liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Dunifon v. Iovino*, 665 N.E.2d 51, 55 (Ind.Ct.App.1996), *trans. denied.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.*

## II. Retaliatory Discharge

Indiana follows the doctrine of employment-at-will, under which employment may be terminated by either party with or without reason. *Wior v. Anchor Industries, Inc.,*

669 N.E.2d 172, 175 (Ind.1996). However, in *Frampton v. Central Ind. Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973), our supreme court held that an employee-at-will discharged for filing a worker's compensation claim could bring a claim for retaliatory discharge against her employer because the worker's compensation scheme was designed for employees' benefit, and the Act's humane purpose would be undermined if employees exercising their statutory rights were subject to reprisal without remedy. *Id.* at 427–28. The supreme court acknowledged the general rule allowing dismissal of an employee-at-will without cause, but stated that "when an employee is discharged solely for exercising a statutorily conferred right, an exception to the general rule must be recognized." *Id.* at 428. This public policy exception to the general rule has been narrowly construed, as it is derogation of common law. *Smith v. Elec. Sys. Div. of Bristol Corp.*, 557 N.E.2d 711, 712–13 (Ind.Ct.App.1990). *But see McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 393 (Ind.1988) (expanding the *Frampton* exception to include claims of wrongful discharge for refusing to commit an illegal act for which the employee would be personally liable).

Relying on the above-quoted language from *Frampton*, the parties have framed the issue as whether Bowers' alleged reason for discharging Dale is an additional reason for discharge which defeats Dale's *Frampton* claim. Bowers' contended on summary judgment, and in response to this appeal, that its designated evidence showed that Dale was discharged because the restrictions placed on him upon his return to work rendered him incapable of performing his duties, and that this additional reason for discharge defeats Dale's *Frampton* claim because he was not discharged *solely* in retaliation for filing a worker's compensation claim.[1] Although Dale acknowledges the use

---

1. Dale contended, both in response to the motion for summary judgment and on this appeal, that even if Bowers did not discharge him solely for filing a worker's compensation claim, he was discharged for another, legally impermissible reason: namely, that the restrictions placed upon him led Bowers to regard him as disabled, and therefore, Bowers also discharged him in viola-

tion of the Americans with Disabilities Act. However, because Dale has not pursued his ADA claim, we decline to address the issue of whether he was in fact discharged in violation of the ADA. We need not do so, because the propriety of the summary judgment in favor of Bowers turns not on whether Dale has shown that Bowers' stated reason for discharge is merely a restatement of

of the word "solely" in the *Frampton* decision, he argues that Bowers' reason is actually the restatement of an additional *unlawful* reason for discharge, *see* footnote 1, *supra*, which would not defeat his claim. Dale argues that Bowers' construction would create an incentive for an employer to discharge an employee for multiple legally impermissible reasons.

In *Watkins v. Sommer Metalcraft Corp.*, 844 F.Supp. 1321 (S.D.Ind.1994), the United States District Court for the Southern District of Indiana addressed the issue of "whether an employee being terminated for numerous impermissible reasons, including retaliation for filing a worker's compensation claim, precludes that employee from making a *Frampton* claim...." *Id.* at 1325. The plaintiffs alleged that they were fired from their jobs because they had filed worker's compensation claims and also because they had complained of sex discrimination. The employer argued that, based upon the "solely" language of *Frampton,* a dual reason for discharge means that the plaintiffs could not make their *Frampton* claim, and moved for summary judgment, which the district court denied. The district court noted that this question had not been addressed by the Indiana Supreme Court, but held, based upon twenty years of case law following the *Frampton* decision, that "the word 'solely' as used in *Frampton* and its progeny was used to mean without an independent lawful reason which would justify the otherwise unlawful action." *Id.* To hold otherwise, the district court stated, would "create an incentive for employers to terminate employees for numerous impermissible reasons." *Id.* at 1326.

We agree with the district court, and with Dale, that use of the word "solely" in *Frampton* is meant only to convey that any and all reasons for discharge must be unlawful in order to sustain a claim for retaliatory discharge.[2] Bowers' interpretation is not consistent with the stated purpose of the *Frampton* exception, and is so restrictive as to render it virtually non-existent, as an employer could almost always point to a reason in addition to the filing of a worker's compensation claim, lawful or unlawful, to support discharge and defeat a *Frampton* claim. Moreover, Bowers' argument strikes us as disingenuous, as it would be the rare situation in which an employer would admit a retaliatory motive for discharge.

We turn then to the question of whether the trial court properly determined, as a matter of law, that, given Bowers' stated reasoning, there was no retaliatory intent behind Dale's discharge. The question of retaliatory motive for a discharge is a question for the trier of fact. *Frampton,* 297 N.E.2d at 428; *Peru Daily Tribune v. Shuler,* 544 N.E.2d 560, 563 (Ind.Ct.App.1989). The employee must present evidence that directly or indirectly implies the necessary inference of causation between the filing of a worker's compensation claim and the termination, such as proximity in time or evidence that the employer's asserted lawful reason for discharge is a pretext. *Watkins,* 844 F.Supp. at 1326. In cases of wrongful termination based upon allegations of discrimination, pretext can be proven by showing that the employer's stated reason has no basis in fact; that although based on fact, the stated reason was not the actual reason for discharge; or that the stated reason was insufficient to warrant the discharge. *See Motley v. Tractor Supply Co.,* 32 F.Supp.2d 1026 (S.D.Ind.1998).

In this case, after Dale alleged that he had been retaliatorily discharged, Bowers responded that the reason for the discharge was that the medical restrictions on Dale when he returned to work rendered him unable to fulfill his job duties.[3] However,

---

yet another impermissible reason for discharge, but rather, on whether Dale has shown there is a genuine issue that Bowers' stated reasoning is actually a pretext cloaking a retaliatory motive.

2. Thus, for purposes of this appeal, it does not matter whether Bowers' stated reason for discharging Dale is in fact an additional unlawful reason for discharge (a discriminatory act in violation of the ADA) or merely a pretext for retaliation against Dale for filing a worker's compensation claim, if Dale can prove that any and all reasons for his discharge were unlawful.

3. We note that this somewhat follows the three-part test for analyzing claims of discriminatory discharge: first, the employee must prove, by a preponderance of the evidence, a prima facie

the mere fact that Bowers has articulated a reason for Dale's discharge which appears, at first blush, to be independent of the worker's compensation claim, does not necessarily prove that there was no retaliatory motive for the discharge. The designated evidence shows that the restrictions placed upon Dale's return to work were intended to be temporary only. R. 45, 83. Further, the evidence shows that Dale was discharged just two days after returning to work from a three-week doctor mandated absence, and just one day after receiving an impairment rating. R. 44, 49, 69–71. Therefore, the facts, when viewed in the light most favorable to Dale, the non-movant, permit the inference that Bowers' stated reason for discharging Dale was a pretext. These facts are sufficient to raise a genuine issue of material fact as to whether Bowers' true motive for Dale's was unlawful, an issue which should be decided by the trier of fact. The trial court erred in entering summary judgment for Bowers. We reverse and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, J., and GARRARD, J., concur.

case of discrimination. Then, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for discharge. If the employer carries that burden, then the employee has the opportunity to prove, again by a preponderance of the evidence, that the reason offered by the employer is a pretext. *Fuller v. Allison Gas Turbine Div.,* 670 N.E.2d 64, 68 (Ind.Ct.App. 1996).