**MARKLEY ENTERPRISES, INC.,**
Appellant–Defendant,

*v.*

**George GROVER and Charlene Grover,**
Appellees–Plaintiffs.

No. 20A03–9812–CV–498.

Court of Appeals of Indiana.

Sept. 23, 1999.

Roger W. Benko, John D. LaDue, Jody H. Odell, Barnes & Thornburg, South Bend, Indiana, Attorneys for Appellant.

Patrick F. O'Leary, Goshen, Indiana, Attorney for Appellees.

## OPINION

NAJAM, Judge

### STATEMENT OF CASE

Markley Enterprises, Inc. (the "Company") brings this interlocutory appeal from the trial court's grant of George Grover's and Charlene Grover's (collectively "Grover") motion for extension of time to respond to the Company's motion for summary judgment. The Company also appeals the denial, in part, of its mo-

tion for summary judgment on Grover's claim for retaliatory discharge.

We affirm in part, reverse in part and remand.

### ISSUES

The Company presents two issues for review which we restate as:

1. Whether the trial court erred when it granted Grover's motion for extension of time.

2. Whether the trial court erred when it denied, in part, the Company's motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to Grover indicate that Grover was employed by the Company from July 7, 1987, until his termination on June 9, 1994. Harold Markley, the president of the Company, hired Grover as a saw operator in the Company wood shop. Also while employed by the Company, Grover worked as a truck driver and in the shipping department.

In June of 1993, Grover informed Markley that he had injured his shoulder while working. Because the injury had actually occurred several months earlier, and Grover had waited so long to inform Markley, the Company and Grover decided not to submit the claim to the Company's worker compensation carrier but instead to allow Grover to continue to be treated by his family doctor. In October of 1993, Grover again approached Markley about his shoulder and the need to file a worker's compensation claim. Markley agreed to send Grover to the Company doctor for evaluation. Upon request, the Company also released Grover's medical records to the Company's worker's compensation carrier. After investigating Grover's records, the worker's compensation carrier reported to Markley that the facts did not support Grover's claim that the shoulder injury occurred at work. Because Markley believed that Grover had attempted to falsify

the claim for worker's compensation benefits, Markley disciplined Grover for allegedly attempting to file a false claim in violation of Company rules.[1] As a result of the violation, Grover was given a ten-day suspension from work which was ultimately reduced to three days. Grover was advised by a Company memo that he would be terminated immediately for any repeat violations.

On December 27, 1993, Grover filed an Application for Adjustment of Claim with the Indiana Worker's Compensation Board alleging that he had injured his shoulder on February 26, 1993, while working at the Company. Approximately six months later, on June 24, 1994, the Company terminated Grover's employment allegedly because Grover had, for the second time during his employment, made derogatory comments about the Company to a co-worker in violation of Company rules.[2]

Grover filed his complaint for damages against the Company alleging that: (1) the Company had wrongfully terminated Grover's employment in retaliation for his pursuit of a claim for worker's compensation benefits; and (2) a contract of employment existed between the parties which was breached as a result of the termination. Subsequently, on June 16, 1998, the Company filed a motion for summary judgment. On June 24, 1998, the trial court issued a Chronological Case Summary ("CCS") notice and set the motion for hearing on August 20, 1998. The Clerk deposited the CCS notice in the courthouse mailbox maintained by Grover's counsel.[3] However, Grover's counsel neglected to check his courthouse mailbox.

Additionally, although the Company had sent Grover's counsel a copy of the summary judgment motion, the document was placed in the case file by staff and not brought to counsel's attention. Almost sixty days after the motion for summary judgment had been filed, counsel checked his courthouse mailbox and realized that the Company had moved for summary judgment. Grover's counsel filed a motion for extension of time to respond on August 19, 1998. The trial court granted the motion for extension of time that same day. Grover filed his responsive designation of evidence in opposition to summary judgment on September 2, 1998. Thereafter, the trial court granted the Company's motion for summary judgment as to the breach of contract claim but denied its motion as to the retaliatory discharge claim. This interlocutory appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Extension of Time

■ The Company first contends that the trial court abused its discretion when it granted Grover's motion for extension of time to respond to the Company's summary judgment motion. We agree with the Company.

Indiana Trial Rule 56(C) provides that "[a]n adverse party shall have thirty (30) days after service of [a motion for summary judgment] to serve a response and any opposing affidavits." The rule, however, gives trial courts discretion to order a continuance or to alter any time limits for the party opposing summary judgment to

---

1. The Company asserts that Grover's attempt to file an allegedly false worker's compensation claim violated Plant Rule C–3 which entails "[f]alsifying any record, including time cards and production records, or deliberately giving false information for any Company records." Record at 44.

2. The Company asserts that Grover's alleged derogatory comments violated Plant Rules B–4 and B–6. Plant Rule B–4 is violated by "[i]ntentionally restricting, hindering, interfering with or limiting production, or attempting to influence others to do so." Plant Rule B–6 is violated by "[t]hreatening, intimidating, coercing, using derogatory and/or abusive language or harassing any employee or member of management on Company premises." Record at 44.

3. Grover notes that it was the Clerk's practice not to mail notice to lawyers who maintained a mail box at the courthouse.

respond. The pertinent parts of Trial Rule 56 state:

**(F) When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

\* \* \* \* \*

**(I) Alteration of Time.** The Court, for cause found, may alter any time limit set forth in this rule.

In *Seufert v. RWB Medical Income Properties I Ltd. Partnership*, 649 N.E.2d 1070 (Ind.Ct.App.1995), we considered Trial Rule 56 in its entirety, specifically interpreting 56(F) and (I). Despite the non-moving party's argument on appeal that it was within the trial court's discretion to order a continuance or alter any time limits found within Trial Rule 56, we concluded that the remedies provided by Trial Rule 56(F) and (I) were not available to a non-moving party who has failed to oppose or respond to the motion within the thirty-day limit established by Trial Rule 56(C). *Seufert*, 649 N.E.2d at 1073. Specifically, we held:

T.R. 56 requires an adverse party to respond within 30 days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit indicat-

ing why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response.

*Id.* Because Seufert had failed to respond in any way within the 30-day time frame, the trial court correctly considered only the evidence designated by the moving party in support of summary judgment. *Id.; accord Southwood v. Carlson*, 704 N.E.2d 163, 169 (Ind.Ct.App.1999).

Similarly, here, Grover did not respond to the Company's motion for summary judgment within thirty days. Nor did he request an extension of time or otherwise explain the cause of his delay within thirty days. Contrary to Grover's argument, the trial court did not have unlimited discretion to expand the time within which he could file his response to summary judgment. Thus, the trial court erred when it granted Grover's motion for extension of time to respond to the Company's motion for summary judgment.[4]

### Issue Two: Denial of Summary Judgment

The Company next contends the trial court erred when it denied, in part, the Company's motion for summary judgment on Grover's retaliatory discharge claim. Specifically, the Company argues that the evidence properly designated to the trial court establishes its entitlement to judgment as a matter of law. On this point, we disagree with the Company.

██ On appeal of a motion for summary judgment, we apply the same stan-

---

**4.** Grover points to a footnote in our opinion in *Sharp v. Town of Highland*, 665 N.E.2d 610 (Ind.Ct.App.1996), *trans. denied,* in support of his position that the trial court properly granted his motion for extension of time. In *Sharp*, we noted in dicta that the non-moving party's response was filed more than thirty days after the filing of a motion for summary judgment and said in a footnote that the trial court was authorized to alter the thirty-day time limit pursuant to Trial Rule 56(I). Unlike the present case, the trial court's extension of time in *Sharp* was not an issue raised or decided on appeal. This court does not

decide important questions of law in footnotes. *See Allstate Indemnity Co. v. Brown,* 696 N.E.2d 92, 95 (Ind.Ct.App.1998), *trans. denied.* Although Trial Rule 56(I) appears on its face to authorize the trial court to extend any time limit set forth in the rule "for cause," our holding in *Seufert* that an adversary's request for an extension of time must be made within the thirty day time limit provided under Rule 56(C) has been repeatedly followed by this court. To the extent that the dicta in *Sharp* can be read to contravene *Seufert,* we decline to follow it.

dard as the trial court and construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party. *Shell Oil Co. v. Lovold Co.,* 705 N.E.2d 981, 983–84 (Ind.1998). Summary judgment is appropriate only if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The party moving for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Grubb v. Childers,* 705 N.E.2d 180, 182 (Ind.Ct.App.1998). Only if the movant sustains this burden does the burden then shift to the opponent to set forth specific facts showing that there is a genuine issue of material fact. *Shell Oil Co.,* 705 N.E.2d at 984 (citing Ind. Trial Rule 56(E)).

■ If the non-movant fails to properly respond or designate evidence within the thirty-day period set forth in Trial Rule 56, and the moving party has shown that he is entitled to summary judgment, the trial court is obligated to enter summary judgment against the non-moving party. *Morton v. Moss,* 694 N.E.2d 1148, 1151–52 (Ind.Ct.App.1998). However, even if the facts are undisputed, summary judgment is inappropriate where the evidence reveals a good faith dispute as to the inferences to be drawn from those facts. *Estate of Pflanz v. Davis,* 678 N.E.2d 1148, 1150 (Ind.Ct.App.1997). Although this court is bound to consider only those matters which were designated to the trial court, we liberally construe that designated evidentiary matter in the light most favorable to the non-moving party. *Id.* The party that lost in the trial court has the burden of persuading this court that the trial court erred. *Id.*

■ Having concluded that the trial court erred when it granted Grover's motion for extension of time, we cannot consider Grover's untimely designation of evidence in opposition to summary judgment. Thus, we must now turn to the question of whether summary judgment is appropriate based upon the evidence designated by the Company. In other words, we must determine whether the Company, as the moving party, has made a prima facie showing that it is entitled to judgment as a matter of law on Grover's claim or whether the evidence reveals a good faith dispute as to the inferences to be drawn from the undisputed facts.

■ Grover's claim is one for retaliatory discharge. Specifically, Grover contends that he was impermissibly discharged for filing a worker's compensation claim. Indiana law provides that if there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause. *Orr v. Westminster Village North, Inc.,* 689 N.E.2d 712, 717 (Ind.1997). Indeed, the presumption of at-will employment is strong. *Id.* However, our supreme court has recognized three exceptions to the employment-at-will doctrine, *see id.,* one of which is a public policy exception applicable when an employee is discharged solely for exercising a statutorily conferred right. *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 428 (1973). The *Frampton* court held that an employee who alleges that he or she was discharged for filing a claim pursuant to the Indiana Worker's Compensation Act has stated a claim upon which relief can be granted. *Id.* Acknowledging the general rule of at-will employment, the court stated that "when an employee is discharged solely for exercising a statutorily conferred right, an exception to the general rule must be recognized." *Id.* at 428. The court in *Frampton* reasoned that the worker's compensation scheme was designed for employees' benefit, and the Act's humane purpose would be undermined if employees exercising their statutory rights were subject to reprisal without remedy. *Id.* at 427–28.

In support of its motion for summary judgment on Grover's retaliatory discharge claim, the Company designated portions of the deposition testimony of company president Harold Markley in which Markley explains his reasons for terminating Grover's employment. Specifically, Markley testified that he terminated Grover's employment on June 9, 1994, after learning from a subordinate supervisor that Grover had made derogatory comments about the company to a co-worker named John Haines. Although Markley admittedly was not present to witness the derogatory comments, he testified that Haines told a supervisor named Tina Davis who in turn told Markley. Markley stated that because he believed that Grover's comments would affect the Company's ability to attract new employees and retain existing employees, he decided to terminate Grover's employment.

■■■ Before reaching the merits, we address Grover's argument that we cannot consider Markley's deposition testimony because it constitutes hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). We agree with Grover that, in ruling on a motion for summary judgment, we should disregard inadmissible hearsay evidence. *See Lytle v. Ford Motor Co.*, 696 N.E.2d 465, 468–69 (Ind.Ct. App.1998), *trans. denied.* However, Markley's testimony was not offered for the truth of the matter asserted, i.e., that Grover made the derogatory comments. Instead, Markley's testimony was offered to prove his state of mind at the time he terminated Grover's employment and to establish his lack of retaliatory intent. Accordingly, Markley's testimony is admissible and may be considered in support of summary judgment.

■■■ The Company first argues that summary judgment on Grover's retaliatory discharge claim is appropriate because Markley's testimony establishes that there was no retaliatory intent behind Grover's discharge. The issue of retaliation is a question for the trier of fact. *Id.* In *Watkins v. Sommer Metalcraft Corp.*, 844 F.Supp. 1321 (S.D.Ind.1994), the United States District Court for the Southern District of Indiana addressed this issue in the summary judgment context and stated, "Where causation or retaliation is at issue, summary judgment is only appropriate 'when the evidence is such that no reasonable trier of fact could conclude that a discharge was caused by a prohibited retaliation.'" *Id.* at 1326 (quoting *Hamann v. Gates Chevrolet Inc.*, 910 F.2d 1417, 1420 (7th Cir.1990)). But to survive a motion for summary judgment in a *Frampton* case, an employee must show more than a filing of a worker's compensation claim and the discharge itself. *Id.* The evidence must directly or indirectly support the necessary inference of causation between the filing of a worker's compensation claim and the termination. *See id.* Examples of indirect proof of retaliation include: (1) proximity in time between the two acts, and (2) an employer's proffered reason for termination which is patently inconsistent with the evidence before the court. *Id.*

■■■ First, we disagree with the Company that the six month time period which elapsed between Grover's filing of his worker's compensation claim and his termination is fatal to his claim for retaliatory discharge. Although a closer temporal connection between the two events often supports an inference of retaliatory intent, a six month lapse has also sufficed when the other evidence before the court calls into doubt the employer's reasons for discharge. *See e.g., Pepkowski v. Life of Indiana Ins. Co.*, 535 N.E.2d 1164, 1168 (Ind.1989).

Moreover, the mere fact that the Company has directed us to designated evidence in which it has articulated a reason for Grover's discharge which appears "at first blush" to be independent of the work-

er's compensation claim does not establish, as a matter of law, that the Company lacked retaliatory intent when it discharged Grover. *See Dale v. J.G. Bowers, Inc.,* 709 N.E.2d 366, 370 (Ind.Ct.App. 1999). Additional evidence designated by the Company indicates that the Company had disciplined Grover on a prior occasion for allegedly attempting to file a false claim for worker's compensation benefits. An internal Company memo discloses an extremely hostile attitude against Grover for having attempted to file the previous claim and stated that Grover's employment would be terminated immediately in the event of "any repeat violations." Record at 78. Viewing that evidence in the light most favorable to Grover, a reasonable finder of fact could infer that the Company's stated reason for discharge is merely a pretext. These facts are sufficient to raise a genuine issue of material fact as to whether the Company's true motive for terminating Grover's employment was his filing of the worker's compensation claim. As we noted earlier, the question of retaliatory motive is a question properly for the trier of fact. *See Frampton,* 297 N.E.2d at 428. The Company is not entitled to summary judgment on this issue.

Still, the Company maintains that Grover cannot survive a motion for summary judgment because he has failed to show that he was discharged "solely" for filing the worker's compensation claim and for no other reason. As this court has recently stated, use of the word "solely" in *Frampton* is meant only to convey that any and all reasons for discharge must be unlawful in order to sustain a claim for retaliatory discharge. *Dale,* 709 N.E.2d at 369. Contrary to the Company's argument, summary judgment is not warranted merely because the Company has alleged an independent reason for terminating Grover's employment other than his filing of a worker's compensation claim. The question is whether the Company's asserted reason for discharge is merely a pretext for retaliation. *Id.* To be sure, an employer could almost always point to a rea-

son other than or in addition to the filing of a worker's compensation claim, lawful or unlawful, to support a discharge in an attempt to defeat a *Frampton* claim. *Id.* As we have already stated, the designated facts, when viewed in the light most favorable to Grover, permit an inference that the Company's stated reason for discharging Grover was merely a pretext. The trial court did not err when it denied, in part, the Company's motion for summary judgment.

Affirmed in part, reversed in part, and remanded.

RUCKER, J., and STATON, J., concur.