**Catherine L. (Adamson) MITCHELL, Appellant–Defendant,**

v.

**STAR FINANCIAL BANK, Appellee–Plaintiff.**

No. 27A02–9909–CV–672.

Court of Appeals of Indiana.

April 19, 2000.

Sharon R. Merriman, Symmes, Voyles, Zahn, Paul & Hogan, Indianapolis, Indiana, Attorney for Appellant.

John W. Campbell, Marion, Indiana, Attorney for Appellee.

## OPINION

KIRSCH, Judge

Catherine L. Mitchell appeals the trial court's grant of summary judgment in favor of Star Financial Bank (Star). Mitchell raises a number of issues, which we consolidate and restate as: whether the trial court erred in granting Star's motion for summary judgment.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

This is an action on a promissory note and to foreclose a mortgage on real estate owned by Mitchell. On January 2, 1987, Mitchell borrowed $27,000 from Star. In connection with this loan, Mitchell executed and delivered to Star a note and a mortgage that were secured by Mitchell's real property in Marion, Indiana. Under the terms of the note, Mitchell was obligated to pay Star monthly payments in the amount of $315.41. Mitchell did not make the payments due on April 1, 1993, May 1, 1993, and June 1, 1993. On May 25, 1993, Star and Mitchell entered into an extension agreement concerning these three payments.

Five years later, on June 24, 1998, Star filed a complaint to foreclose on Mitchell's mortgage, alleging that Mitchell had defaulted in her monthly payments. Mitchell, acting pro se, filed a timely answer denying she was in default. On March 2,

1999, Star filed a motion for summary judgment along with supporting affidavits. On April 23, 1999, Mitchell filed her response to Star's motion for summary judgment, together with affidavits in opposition to Star's motion and in support of Mitchell's statement of genuine issue of fact. After a number of continuances, the summary judgment hearing was held on August 10, 1999. At the hearing, the trial judge struck Mitchell's tendered affidavits and statement of genuine issue of fact as untimely filed and granted Star's motion for summary judgment. Mitchell now appeals.

## DISCUSSION AND DECISION

Mitchell contends that the trial court erred in granting Star's motion for summary judgment because there exists a genuine issue of material fact regarding whether she was in default on her loan. Star contends that summary judgment was properly granted and cannot be reversed because "[n]o judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court." *Appellee's Brief* at 6–7; Ind. Trial Rule 56(H). Star argues that Mitchell has no designated evidence because the trial court struck her tendered affidavits and statement of genuine issue of fact as untimely filed.

On appeal, we apply the same standard as the trial court and construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party. *Markley Enterprises, Inc. v. Grover*, 716 N.E.2d 559, 563–64 (Ind.Ct.App.1999) (citing *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 983–84 (Ind.1998)). Summary judgment is appropriate only if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 564.

■ We need not reach the issues of whether Mitchell properly designated evidence or whether the trial court erred in striking Mitchell's various motions as not timely filed. In a motion for summary judgment, the burden is first on the moving party to make a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Markley Enterprises*, 716 N.E.2d at 564; *Grubb v. Childers*, 705 N.E.2d 180, 182 (Ind.Ct.App. 1998). Only if the movant sustains this burden does the burden then shift to the non-movant to set forth specifically designated facts showing the existence of a genuine issue. *Markley Enterprises*, 716 N.E.2d at 564; *Shell Oil*, 705 N.E.2d at 984.

■ Our court has defined the key terms "genuine" and "material." "A factual issue is 'genuine' if it is not capable of being conclusively foreclosed by reference to undisputed facts. Although there may be genuine disputes over certain facts, a fact is 'material' when its existence facilitates the resolution of an issue in the case." *American Management, Inc. v. MIF Realty, L.P.*, 666 N.E.2d 424, 428 (Ind.Ct.App.1996) (citation omitted). Again, the burden is first on the movant to demonstrate the absence of a genuine issue of material fact. *Id.* This burden is not met where the facts presented as undisputed reveal a good faith dispute as to the inferences to be drawn from those facts. *Id.*; *Markley Enterprises*, 716 N.E.2d at 564. "Moreover, any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party." *Markley Enterprises*, 716 N.E.2d at 564.

■ In this case, Star filed to foreclose on a mortgage almost five years after the date of the alleged missed payments. Star's amended complaint alleges that Mitchell's payments were late. Mitchell's answer denied that she was in default. An affidavit of a Star loan counselor, attached

to Star's motion for summary judgment, states the conclusion that Mitchell is in default on her note. *Record* at 100. The designated materials, however, contain no evidence supporting this conclusion. Star did not include records of payment or provide any other evidence concerning the dates for which it claims Mitchell is in default.

■ Star's designated evidence contains a copy of the extension agreement covering the three payments in question. *Record* at 125. The extension agreement extends the due date of the three identified payments, but fails to state the length of the extension or a new due date for the payments. Rather, while noting that no further extensions will be granted, the agreement provides: "MAXIMUM EXTENSIONS GRANTED." *Record* at 125. The underlying note and mortgage provide for "monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on January 1, 2002." *Record* at 120. By granting a "maximum extension" and failing to state the due date, it is reasonable to conclude that the payments were extended for the term of the loan and were not yet due when Star declared a default. As a result, the materials designated by Star fail to show the absence of a material question of fact whether Mitchell was in default under her note, mortgage, and extension agreement. The trial court erred in granting summary judgment.

We conclude by noting that what the designated materials do show is that Star entered into a home mortgage financing with Mitchell, that for thirteen years Mitchell made the payments that were due, that the only exception to this was the three payments originally due more than five years ago which Star agreed to extend, and that—less than four years before her house is fully paid for—Star accelerates the remaining payments and seeks foreclosure. The inference that arises is that foreclosure on these facts is, at best, troubling; at worse, it is abusive and predatory.

Reversed and remanded.

BAKER, J., and RILEY, J., concur.