**LEASING ONE CORPORATION,**
Appellant,

v.

**CATERPILLAR FINANCIAL
SERVICES CORP., et
al., Appellees.**

No. 88A01–0203–CV–109.

Court of Appeals of Indiana.

Oct. 9, 2002.

H. Kevin Eddins, Tilford Dobbins Alexander Buckaway & Black, Louisville, KY, for Appellant.

Stephen L. Fink, Barnes & Thornburg, Fort Wayne, IN, for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Leasing One Corporation ("Leasing One") appeals the trial court's entry of partial summary judgment in favor of Caterpillar Financial Services Corporation ("Caterpillar") on Caterpillar's complaint for replevin, declaratory relief, and damages. Leasing One presents two issues for our review, which we consolidate and restate as whether genuine issues of material fact preclude summary judgment for Caterpillar.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In April 1996, Boston Equipment Corporation ("Boston") and Caterpillar entered into a lease agreement whereby Boston leased a backhoe loader from Caterpillar. The agreement provided in part that Caterpillar had a "continuing security interest in the [backhoe] ... to secure the payment of all sums due." Caterpillar filed a financing statement with the Clerk of Bullitt County, Kentucky, Boston's principal place of business, to perfect its security interest under Kentucky law.[1]

In June 1998, unbeknownst to Caterpillar, R & D Homes & Supply, Inc. ("R & D") purchased the backhoe from Boston through a commercial lease R & D obtained from Meridian Leasing & Consultants, Inc., which subsequently assigned its

---

1. The parties do not dispute that Kentucky law applies to the issue of the validity of Caterpillar's security interest. *See* former Ind.Code § 26–1–9–103(3) (effective until July 1, 2001) (law of jurisdiction where debtor located governs perfection and effect of perfection or nonperfections of security interest). Kentucky Revised Statute Section 355.9–317 provides in relevant part that "if a person files a financing statement with respect to a purchase-money security interest before or within twenty (20) days after the debtor receives delivery of the collateral, the security interest takes priority over the rights of a buyer, lessee, or lien creditor which arise between the time the security interest attaches and the time of filing."

interest as lessor to Leasing One. Thus, R & D began making monthly lease payments to Leasing One.

When Boston declared bankruptcy and defaulted on its obligation to Caterpillar, Caterpillar sought to repossess the backhoe, but learned that Boston had sold it to R & D. When Caterpillar asked R & D to surrender the backhoe, R & D refused. Caterpillar then filed its complaint against R & D and Leasing One for replevin, declaratory relief, and damages.[2] In response, Leasing One filed an answer and counterclaim against Caterpillar for possession of the backhoe.

Caterpillar moved for partial summary judgment, claiming a right to possession of the backhoe under its lease agreement with Boston and its perfected security interest. Leasing One responded to Caterpillar's summary judgment motion and filed its own motion for partial summary judgment. Following a hearing, the trial court granted Caterpillar's motion for partial summary judgment, awarded the backhoe to Caterpillar, and denied Leasing One's motion.[3] Leasing One now appeals.

## DISCUSSION AND DECISION

### Standard of Review

On review of a trial court's decision to grant or deny summary judgment, we stand in the same position as the trial court. *GEICO Ins. Co. v. Rowell*, 705 N.E.2d 476, 480 (Ind.Ct.App.1999). Summary judgment is appropriate only if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The party moving for

summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Markley Enter., Inc. v. Grover*, 716 N.E.2d 559, 564 (Ind.Ct.App. 1999). Only if the movant sustains this burden does the burden shift to the opponent to set forth specific facts showing that there is a genuine issue of material fact. *Id.*

We note that the trial court made findings and conclusions in support of its summary judgment entry. Although we are not bound by the trial court's findings and conclusions, they aid our review by providing reasons for the trial court's decision. *See Ledbetter v. Ball Mem'l Hosp.*, 724 N.E.2d 1113, 1116 (Ind.Ct.App.2000), *trans. denied.* If the trial court's summary judgment can be sustained on any theory or basis in the record, we must affirm. *Id.*

Once a party files his motion for summary judgment, the non-moving party has an obligation to respond within thirty days. Ind. Trial Rule 56(C). Additionally, Trial Rule 56(E) provides in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleading*, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(Emphasis added). If the non-movant fails to properly respond or designate evidence,

---

**2.** Caterpillar named other defendants who are not parties to this appeal.

**3.** The trial court stated that there was no just reason for delay and entered a final judgment with respect to Caterpillar's partial summary judgment motion. *See* Ind. Trial Rule 56(C).

and the moving party has shown that he is entitled to summary judgment, the trial court is obligated to enter summary judgment against the non-moving party. *Markley,* 716 N.E.2d at 564; *Seufert v. RWB Med. Income Properties I Ltd. P'ship,* 649 N.E.2d 1070, 1072 (Ind.Ct.App. 1995).

■ In this case, while Leasing One timely filed a response to Caterpillar's summary judgment motion, it did *not* timely designate any evidence other than a copy of a check it purportedly wrote to acquire the backhoe. In its brief on appeal, Leasing One cites to additional evidence, including admissions made by R & D,[4] but none of that additional evidence was timely designated to the trial court. *See Morton v. Moss,* 694 N.E.2d 1148, 1151 (Ind.Ct.App.1998) (party has thirty days to respond and designate evidence; party may not wait until summary judgment hearing to oppose motion). Like the trial court, we may not look beyond the evidence specifically designated to the trial court. *See Seufert,* 649 N.E.2d at 1072. As such, we consider only the copy of the check designated by Leasing One, together with the evidence designated by Caterpillar, to determine whether genuine issues of material fact exist.

In its summary judgment motion, Caterpillar asserts that it is the "owner/lessor of the [backhoe], and its interests are properly perfected pursuant to the filing of the UCC financing statements." Caterpillar argues that it is "entitled to possession [of the backhoe] pursuant to its leases with Boston." Caterpillar maintains that while it was not necessary to file a UCC financing statement, it did so as a "precautionary" measure.

Leasing One contends that the trial court erred when it found that Caterpillar was entitled to possession of the backhoe. Specifically, Leasing One asserts that Caterpillar's alleged security interest "does not defeat all other interests in collateral." First, Leasing One maintains that the trial court should not have ruled on the summary judgment motion without first allowing further discovery. Second, Leasing One asserts that questions of fact exist regarding whether it was a "buyer in the ordinary course of business" and was, therefore, entitled to possession of the backhoe. We address each contention in turn.

■ Leasing One's contention that the trial court should have allowed further discovery is without merit. While it is true that it is generally improper for a court to grant summary judgment while reasonable discovery requests that bear on issues material to the motion are still pending, *Boggs v. Tri–State Radiology, Inc.,* 730 N.E.2d 692, 698 (Ind.2000), Leasing One makes no assertion that there were any pending discovery requests. Moreover, nowhere does Leasing One allege, and our review of the record does not indicate, that Leasing One or any other party requested additional time to conduct discovery prior to the summary judgment hearing or prior to the trial court's ruling on the motion. *See, e.g.,* Ind. Trial Rule 56(F) (permitting trial court to order continuance on summary judgment motion where responding party submits affidavit indicating need for additional discovery). We conclude that the trial court did not err when it ruled on Caterpillar's summary judgment motion without ordering, sua sponte, additional discovery.

■ Next, we look at the designated evidence to determine whether a question

---

**4.** Leasing One submitted a Request for Admissions to R & D in August 2001, almost three months after its response to Caterpillar's summary judgment motion was due.

of material fact exists regarding whether Caterpillar was entitled to possession of the backhoe. In support of its motion for summary judgment, Caterpillar presented evidence regarding the terms of its lease agreement with Boston, as well as evidence that Caterpillar properly filed a UCC financing statement with the Bullitt County, Kentucky clerk to perfect its security interest. Caterpillar designated the lease agreement, which provides in relevant part that Caterpillar maintained a security interest in the backhoe "to secure the payment of all sums due [thereunder]." This evidence satisfies Caterpillar's burden to make a prima facie showing that no genuine issues of material fact exist regarding whether it is entitled to possession of the backhoe.

■ Leasing One maintains that, regardless of the evidence of Caterpillar's leasehold or security interest in the backhoe, Leasing One was a "buyer in the ordinary course of business" and, as such, "take[s] priority over a security interest whether perfected or unperfected." Kentucky Revised Statute Section 355.2A–103(1)(a) provides in relevant part that a "buyer in the ordinary course of business" is a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest or leasehold interest of a third party in the goods, buys in ordinary course from a person in the business of selling goods of that kind. And Leasing One is correct that Kentucky Revised Statute Section 355.9–320 provides in relevant part that a buyer in the ordinary course of business takes free of a security interest created by the *buyer's seller*, even if the security interest is perfected and the buyer knows of its existence.

■ But Leasing One's contention that Kentucky Revised Statute Section 355.9–320 applies in this case is without merit.

First, Leasing One did not timely designate any evidence showing that it was a buyer in the ordinary course of business under Kentucky law. Thus, Leasing One cannot establish a question of fact on that issue. Second, a buyer in the ordinary course of business takes free of a security interest only when that security interest was created by his seller, and here, that is not the case. *See In the Matter of Gary Aircraft Corp.*, 681 F.2d 365, 376 (5th Cir. 1982) (citing *National Shawmut Bank v. Jones*, 108 N.H. 386, 236 A.2d 484 (1967), for rule under UCC that where security interest not created by buyer's seller, last buyer in chain could not take free of interest), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1366 (1983). Because Leasing One, as assignee of R & D's commercial lease, purchased the backhoe from Boston, it does *not* take free of Caterpillar's security interest.

■ Finally, Leasing One argues that the trial court erred when it found that Caterpillar "perfected its interest as lessor ... by filing a UCC Financing Statement in the office of ... the Clerk of Bullitt County, Kentucky." Leasing One maintains that a question of fact exists regarding whether Caterpillar was a seller with a security interest or a lessor of the backhoe. We can discern no issue here. Either way, Caterpillar is entitled to possession of the backhoe as a matter of law. The traditional Article 9 secured transaction did not contemplate equipment leasing. But today the public filing regime for the perfection of security interests under the Kentucky Uniform Commercial Code (and the Indiana Commercial Code, for that matter) also applies to equipment leases. Specifically, Kentucky Revised Statute Section 355.1–201(37) provides in pertinent part that "a seller or lessor" may acquire a security interest in goods "by

complying with Article 9 of this chapter."[5] On these facts, it makes no difference whether the "finance lease" for the backhoe was a true lease or a conditional sales contract.[6] Thus, this purported distinction raised by Leasing One presents no issue of material fact.

In sum, the designated evidence supports the trial court's conclusion that there are no genuine issues of material fact and that Caterpillar is entitled to possession of the backhoe.

Affirmed.

SHARPNACK, J., and FRIEDLANDER, J., concur.

5. In other words, Article 9 applies whether the debtor is a buyer or lessee. *See also* Ind.Code § 26–1–1–201(37) ("a seller or lessor may also acquire a 'security interest' by complying with IC 26–1–9.1.")

6. It appears that the "finance lease" here was tantamount to a conditional sale in that the buyout at the end was for a nominal consideration.