(8 P.3d 49)

No. 83,542

KONGTHAKHOUNK THIDSORN, *Appellant,* v.
EXCEL CORPORATION, *Appellee.*

Opinion filed July 14, 2000.

*David O. Alegria,* of McCullough, Wareheim & Labunker, P.A., of Topeka, for appellant.

*J. Steven Massoni* and *Stephen M. Kerwick,* of Foulston & Siefkin, L.L.P., of Wichita, for appellee.

Before MARQUARDT, P.J., WAHL, S.J., and ERNEST L. JOHNSON, District Judge, assigned.

MARQUARDT, J.: Kongthakhounk Thidsorn appeals the trial court's granting of summary judgment to Excel Corporation (Excel).

While employed at Excel, Thidsorn sought treatment and compensation for work-related injuries. Excel's collective bargaining agreement with the union provided that an employee who has a workers compensation injury is allowed one opportunity to bump a junior employee for a permanent job that is within the injured employee's permanent medical restrictions. Thidsorn's treating physician said that the job Thidsorn selected *may* accommodate his permanent medical restrictions. An Excel representative informed Thidsorn that if he were unable or refused to perform the selected job, Excel would terminate him.

Thidsorn bumped a junior employee for a job that fit within his medical restrictions. Approximately 1 week after starting the new job, Thidsorn began experiencing physical problems. Thidsorn's attorney demanded that Excel provide additional accommodation or a vocational referral. Thidsorn's physician stated that the physical requirements of Thidsorn's new job subjected him to further injury.

Although he argues otherwise, there is uncontroverted evidence that Thidsorn admitted telling a physician and an Excel representative that he did not feel he could continue performing the new job. Excel terminated Thidsorn because of his inability to do the job. The trial court granted Excel's motion for summary judgment and found that Excel was justified in terminating Thidsorn because he could not perform the permanent post-injury position he had chosen. Thidsorn appeals.

Thidsorn argues that the trial court erred in granting summary judgment because there were genuine issues of material fact regarding his termination from Excel. Thidsorn claims that his termination was in retaliation for filing his workers compensation claim and that summary judgment should not have been granted. To successfully defeat summary judgment, Thidsorn must come forward with something of evidentiary value establishing Excel's retaliatory motive. See *Ortega v. IBP, Inc.*, 255 Kan. 513, 521, 874 P.2d 1188 (1994); *Glenn v. Fleming*, 247 Kan. 296, 305, 799 P.2d 79 (1990); *Slaymaker v. Westgate State Bank*, 241 Kan. 525, 531, 739 P.2d 444 (1987). The standard of review is de novo. *Dominguez v. Davidson*, 266 Kan. 926, 929, 974 P.2d 112 (1999).

Firing an employee for filing a workers compensation claim is improper; however, an employer is not required to look for alternative work or create a position before terminating an injured employee who clearly cannot return to his or her prior position. *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 807, 752 P.2d 645 (1988); *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 495-96, 630 P.2d 186 (1981); see *Griffin v. Dodge City Cooperative Exchange*, 23 Kan. App. 2d 139, 148-49, 927 P.2d 958 (1996), *rev. denied* 261 Kan. 1084 (1997). According to *Griffin*, if a duty to accommodate is incorporated into the public policy behind retali-

atory discharge, the policies behind the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (1994), and the Kansas Act against Discrimination, K.S.A. 44-1001 *et seq.*, would be frustrated. If an employee seeks to pursue a claim for failure to accommodate, he or she should pursue that claim under these laws. 23 Kan. App. 2d at 149.

The trial court relied on the *Griffin* rationale in granting summary judgment because Thidsorn's termination was based on his physical inability to perform his post-injury job duties. According to the trial court, Excel was justified in terminating Thidsorn in accord with the collective bargaining agreement and based on the representations of Thidsorn's physician and attorney.

Griffin was diagnosed with degenerative disc disease and was assigned permanent medical restrictions. Griffin filed a retaliatory discharge action because his employer did not return him to work. He argued that his employer was estopped from asserting his inability to perform work because the employer took a contrary position during the pendency of his workers compensation case. This court held that an employer cannot be sued for retaliatory discharge simply because it failed to consider another position or to modify a job to accommodate an injured employee. 23 Kan. App. 2d at 149.

Thidsorn argues that *Griffin* is not applicable because the issue here is not a failure to accommodate. Thidsorn contends that Excel fired him under the guise of the collective bargaining agreement after he demanded an additional accommodation or a vocational referral under K.S.A. 44-510g. He further argues that Excel's bumping process was designed to avoid liability for work disability benefits and to systematically fire injured employees who returned to work.

Excel was justified in terminating Thidsorn under the collective bargaining agreement and *Griffin*. *Griffin* is not applicable where evidence of retaliatory motive is also presented. See *Sanjuan v. IBP, Inc.*, 90 F. Supp. 2d 1208 (D. Kan. 2000); *Dale v. J. G. Bowers, Inc.*, 709 N.E. 2d 366 (Ind. App. 1999).

Unlike *Sanjuan,* Thidsorn was rated and medically released with permanent physical restrictions. Excel placed him in the post-in-

jury job he selected pursuant to the procedures outlined in their collective bargaining agreement. Thidsorn's attorney sent a letter, supported by medical documentation, indicating that Thidsorn could no longer perform the job. When asked about the letter, Thidsorn admitted that he could no longer perform the job, and the collective bargaining agreement did not provide for an additional accommodation. The trial court did not err in granting summary judgment.

Affirmed.