(26 P.3d 87)
No. 85,589

RORY W. GERTSCH, *Appellant*, v. CENTRAL ELECTROPOLISHING COMPANY, *Appellee*.

Opinion filed June 29, 2001.

*Thomas M. Warner, Jr.*, of Warner Law Offices, P.A., of Wichita, for appellant.

*David J. Rebein, Tammi L. Davis*, and *Stephen M. Kerwick*, of Foulston & Siefkin, L.L.P., of Dodge City, for appellee.

Before GREEN, P.J., KNUDSON, J., and PHILIP C. VIEUX, District Judge, assigned.

GREEN, J.: Plaintiff Rory W. Gertsch appeals from a summary judgment in favor of Central Electropolishing Company (Celco) in Gertsch's retaliatory discharge claim. On appeal, Gertsch contends that the trial court inappropriately granted summary judgment because genuine issues of material fact remained. We agree and reverse and remand.

While employed at Celco, Gertsch suffered a work injury on February 11, 1997, when he rushed into a building to search for victims of a toxic chemical reaction. The chemical reaction occurred when other employees dipped the wrong metals into a vat of acid. Gertsch was not wearing a safety mask and suffered a severe injury when he inhaled toxic fumes.

Gertsch was in and out of the hospital from the date of his injury until February 15, 1997. During that time, the evidence indicates that Gertsch's treating physician mailed an off-work slip and spoke to Celco officials concerning Gertsch's medical treatment. The slip, dated Tuesday, February 12, stated Gertsch should not work for at least another 72 hours. On the following Monday and Tuesday, Gertsch had various medical appointments and was not released to return to work.

On Wednesday morning, February 19, 1997, Gertsch called his supervisor at Celco and told him he was going to be off work until the doctor released him. The supervisor requested a meeting with Gertsch that same day, and when they met, the supervisor handed Gertsch a termination notice. The notice read: "[You] did not report in for 2 consecutive mornings."

The same day, Gertsch discussed his termination with the president and vice president of Celco. Gertsch recorded that meeting on tape. A transcript of the tape was submitted as part of Gertsch's pleadings. The transcript notes several gaps and inaudibles. However, the transcript showed the parties discussed the termination decision, that Gertsch had contacted an attorney, and the effects Gertsch's actions would have had on Celco's workers compensation insurance premiums. Gertsch states in his affidavit that during this meeting, the officers of Celco told him he was fired for contacting an attorney and because their workers compensation insurance carrier told them they had to fire him since he had contacted a lawyer. They also stated he was fired because he did not call in every day to inform them he had not been released to work.

On Tuesday, February 25, 1997, Gertsch returned to the doctor for a follow-up appointment. The doctor issued a work status note indicating that he was releasing Gertsch from limited to full-time work and had counseled him on lung irritants.

At the summary judgment hearing, the trial court reasoned that the facts concerning the retaliatory discharge claim were controverted.

"In other words, was he discharged for absenteeism? Was he discharged because he exercised his rights? Are there other reasons not stated that justify his discharge?

"That is clearly controverted and if . . . I don't dismiss this case because I don't find *Rowland* and *Griffin* persuasive, we're going to trial."

The trial court further reasoned that *Rowland v. Val-Agri, Inc.*, 13 Kan. App. 2d 149, 766 P.2d 819, *rev. denied* 243 Kan. 780 (1988), and *Griffin v. Dodge City Cooperative Exchange,* 23 Kan. App. 2d 139, 927 P.2d 958 (1996), *rev. denied* 261 Kan. 1084 (1997), imposed a threshold requirement to a retaliatory discharge claim. The trial court stated:

"[T]he fact of the matter is, he can't maintain a retaliatory discharge cause of action if he can't go back to work. And I believe that is a prerequisite and a precondition to maintaining the cause of action under Kansas case law. The fact that he can't meet [that condition] requires me to dismiss this lawsuit."

Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. K.S.A. 2000 Supp. 60-256(c). Our standard of review is de novo. *Thidsorn v. Excel Corporation*, 27 Kan. App. 2d 735, 736, 8 P.3d 49, *rev. denied* 270 Kan. 904 (2000).

The trial court based its ruling on facts it considered undisputed: (1) Gertsch was an employee of Celco and was injured on the job; (2) he filed a workers compensation claim; (3) he was terminated a few days after his injury, and (4) he was unable to return to work. Gertsch contends that *Griffin* and *Rowland* do not apply because in those cases there was no evidence of retaliatory discharge and the discharge was motivated by the employer's inability or unwillingness to accommodate the employee.

Gertsch further contends that the court failed to consider evidence that Celco terminated Gertsch in retaliation for being absent due to work injury. He relies on *Coleman v. Safeway Stores, Inc.,* 242 Kan. 804, 752 P.2d 645 (1988) (public policy prohibits an employer from firing an employee for being absent or failing to call

in an anticipated absence as a result of a work-related injury); and *Pilcher v. Board of Wyandotte County Comm'rs,* 14 Kan. App. 2d 206, 787 P.2d 1204, *rev. denied* 246 Kan. 1204 (1990) (the law prohibits the termination of an employee for being absent because of a work-related injury).

On the other hand, Celco contends that the trial court correctly determined as a matter of law that a "defendant cannot be guilty of retaliatory discharge . . . when the uncontroverted evidence shows that plaintiff could not continue or return to his former job as a result of his injury." For this contention, Celco relies on *Rowland, Griffin,* and *Thidsorn.* Celco contends *Griffin* controls.

Because the trial court interpreted *Griffin* to impose a threshold requirement to maintaining a claim of retaliatory discharge, we must first determine if *Griffin* controls the outcome of this case.

*Griffin* posed the question "whether Kansas public policy, as derived from the Workers Compensation Act, *requires* employers to attempt to find alternative employment and/or modify job functions to accommodate workers injured on the job *before terminating* them." (Emphasis added.) 23 Kan. App. 2d at 147. In short, the court concluded an employer cannot be sued for retaliatory discharge simply because it failed to consider another position or to modify a job to accommodate an injured employee.

One result of *Griffin* was that it construed *Rowland.* In *Rowland,* the plaintiff sustained a work injury which prevented him from returning to the position he held at the time of the injury. The employer did not have any light duty jobs available at the time, and the employee remained off work. Under a company policy of terminating all employees who were absent for 6 months for any reason, the employer gave plaintiff notice that his 6 months were almost up and that he needed to return to his old job. When the employee did not return, he was fired.

*Griffin* construed the ruling in *Rowland* to state:

"[T]he public policy creating the tort of retaliatory discharge does not *require* employers to consider or find alternative employment for an injured employee who is unable to return to his or her former position. While the Workers Compensation Act is designed to encourage employers to make such accommodations, an employer cannot be sued for retaliatory discharge *simply because it failed to*

*consider another position or to modify a job to accommodate an injured employee."* (Emphasis added). 23 Kan. App. 2d at 148-49.

Gertsch's case is distinguishable from *Griffin*. Unlike *Griffin*, Gertsch did not sue Celco because it failed to find him another job or accommodate him but because he was fired in retaliation for pursuing a workers compensation claim.

Furthermore, although *Thidsorn* upheld summary judgment for the employer based on *Griffin*, the *Thidsorn* court stated: *"Griffin* is not applicable where evidence of retaliatory motive is also presented." 27 Kan. App. 2d at 737. Here, Gertsch presented evidence of a retaliatory motive. The trial court agreed that Gertsch presented evidence of close temporal proximity to his discharge and the protected activity. This is highly persuasive evidence of retaliation. See *Rebarchek v. Farmers Co-op Elevator & Mercantile Ass'n*, 28 Kan. App. 2d 104, 110-11, 13 P.3d 17 (2000) (close temporal proximity between filing of claim and discharge is persuasive).

The *Thidsorn* court also cited *Sanjuan v. IBP, Inc.*, 90 F. Supp. 2d 1208 (D. Kan. 2000), in its decision. Rejecting an employer's notion that *Griffin* required an employee, as part of a retaliation claim, to prove he or she could return to his or her former position at the time of the alleged retaliatory discharge, the *Sanjuan* court stated:

"It would be anomalous for this court to hold an employer may not fire an employee in retaliation for filing a workers' compensation claim, and then to hold an employer can fire an employee for inability to return to his former job which is due to injuries that are the basis for the workers' compensation claim.

"This court does not believe that the Kansas Court of Appeals intended for the statement in *Griffin* to be used as a rubber stamp, allowing courts to summarily dismiss all retaliation claims in which the employee was unable to perform his job within medical restrictions on the day he was fired." 90 F. Supp. 2d at 1212-13.

The *Sanjuan* court further determined that some cases which rely on *Griffin* to summarily dismiss retaliation claims are distinguishable because the employees were fired only after a permanent injury was diagnosed. 90 F. Supp. 2d at 1213. Here that was not the case. Gertsch was fired well before the full extent of his injuries were known.

Although the public policy exception that created the tort of retaliatory discharge for terminating an injured employee for filing a workers compensation claim does not apply to an injured employee who is unable to return to his or her former job after an injury, the requirement that an injured employee be able to return to his or her former position will not preclude an injured employee's claim for retaliatory discharge when the injured employee can show a retaliatory motive on the part of the employer before the employer had ample evidence that the injured employee would be unable to perform his or her former job.

Finally, by allowing Gertsch to pursue his retaliatory discharge claim in addition to his workers compensation claim, we realize that a possibility of "double recovery" exists. Nevertheless, we believe that it is contrary to the public policy of Kansas for an employer to intentionally terminate an injured employee for filing a workers compensation claim before adequate evidence exists that the injured employee will be unable to perform his or her former job. If evidence later develops that the injured employee cannot return to his or her former job, this evidence could be relevant on the issue of damages.

Reversed and remanded.