**Larry Edward MASON, Appellant (Defendant Below),**

v.

**Carolyn Arlene MASON, Appellee (Plaintiff Below).**

No. 32A01–9006–CV–231.

Court of Appeals of Indiana, First District.

Oct. 29, 1990.

Philip L. Gundlach, Hinkle Keck & Hinkle, Danville, for appellant.

Douglas W. Meyer, Elmendorf, Meyer & Freese, Plainfield, for appellee.

ROBERTSON, Judge.

Larry Edward Mason appeals the trial court's award of attorney's fees based on contingency fee contracts in favor of his ex-wife, Carolyn Arlene Mason, in her action against him to collect back child support. Larry raises three issues. Because we reverse and remand for a determination of a reasonable award of attorney's fees, we address only one issue.

### FACTS

Larry and Carolyn were divorced August 9, 1972. Carolyn was awarded custody of the parties' two minor children and Larry was ordered to pay child support. It is not clear from the briefs when these children were born, what their sexes are, or the amount of support that was ordered.

In 1985, Carolyn brought an action to collect amounts in arrears owed under the child support order. Carolyn hired an attorney from Nevada to prosecute this claim. She and this attorney entered into a contingency fee arrangement whereby the attorney fee would be 25% of the amounts recovered in the lawsuit. The Nevada attorney hired a local Indiana counsel, Douglas Meyer, to prosecute the claim in Indiana.

In the 1985 action, the trial court found that Larry was $14,480.00 behind in his child support obligation and reduced this amount to a judgment which Larry paid. Meyer, the local counsel, was awarded his reasonable attorney fee of $250.00. The trial court entered the following with regards to the Nevada attorney's fee:

> The Court specifically makes no ruling in regard to attorney's fees for the cost of collection of the judgment in this cause of action and this ruling in no way precludes the plaintiff from seeking additional attorney's fees for the cost of collection of this judgment in the future.

Carolyn paid the Nevada attorney $3,620.00 or 25% of the amount recovered.

In 1989, Carolyn brought the present action to collect child support that had accrued since the time of the 1985 judgment in the amount of $7,200.00. She hired another Nevada attorney with whom she entered into another contingency fee arrangement identical to the one entered into for the prosecution of the 1985 case. The Nevada attorney hired Meyer as local counsel. Carolyn sought—in addition to a judgment for the present arrearage—attorney's fees in the amount of $1,800.00 for the prosecution of the present arrearage (25% of the $7,200.00 arrearage.) She also sought attorney's fees in the amount of $3,620.00 for the prosecution of the 1985 action (25% of the $14,480.00 judgment.)

The trial was short as the arrearage was entirely undisputed. Carolyn's testimony

in establishing the arrearage produced not quite two (2) pages of transcript (8½" × 11".) The testimony on attorney's fees filled 4½ pages of transcript. Larry's attorney did not cross-examine Carolyn or present any evidence on Larry's behalf. He did make an argument at trial voicing his objection to Carolyn's request for attorney's fees based on the contingency fee agreement.

The only evidence presented with regard to the Nevada attorney's fees was that of amounts Carolyn had paid and anticipated paying under the contingency fee agreements. No evidence was presented as to the time, labor or skill required of the Nevada attorney to obtain the judgments. In fact, the record is devoid of any indication that the Nevada attorney lifted a finger in prosecuting this case other than to hire Meyer to do it.

Meyer, as local counsel, represented Carolyn at trial. He testified that he prepared the petition and counseled Carolyn. There is no indication in the record that either party filed any discovery requests. Meyer testified regarding his fee in this matter. He testified this case required 3.6 hours of his time, that he billed at $75.00 per hour, and that his total services were worth $270.00. The court awarded him $270.00 as a reasonable attorney's fee about which Larry does not complain.

The trial court found Larry was $7,200.00 behind in child support and reduced that amount to judgment. It also awarded Carolyn attorney fees of $3,620.00 for the 1985 prosecution and $1,800.00 for the present prosecution.

## DECISION

Whether contingency fee agreements may be used as the basis for determining the reasonable attorney fee to be paid by a nonparty to that fee agreement in an action to collect back child support?

█ Contingency fee agreements may not be used as the basis for determining the reasonable attorney fee to be paid by a nonparty to that fee agreement. *Leibowitz v. Moore* (1985), Ind.App., 477 N.E.2d 946;

*Berkemeier v. Rushville Nat. Bank* (1984), Ind.App., 459 N.E.2d 1194; *Waxman Industries, Inc. v. Trustco Development Co.* (1983), Ind.App., 455 N.E.2d 376. A trial court's award of attorney's fees based on a contingency fee contract is inappropriate because such arrangements are susceptible to abuse. *Berkemeier, supra.* The party who stands to be awarded attorney fees by the trial court must be content with reasonable attorney fees based upon traditional factors. *Id.* The determination of the reasonableness of an attorney's fee requires consideration of all relevant circumstances, including the attorney's experience, ability, and reputation, the nature of the employment, the responsibility involved, and the results obtained. *Waxman, supra.*

█ Carolyn distinguishes the above cases by pointing out that they involve attorney's fees awarded pursuant to contractual provisions and not attorney's fees awarded for the prosecution of an action arising out of a divorce. We believe that the only logical reason for distinguishing the above cases from the one at bar is to point out that contingency fee contracts for any proceeding arising out of a divorce are void as against the public policy of this state. *Meyers v. Handlon* (1985), Ind. App., 479 N.E.2d 106, *trans. denied.* Divorce (and post-decree actions) create an emotional atmosphere in which distraught parties are especially vulnerable to agreeing to a contract which turns out to be oppressive. *Id.* Therefore, Indiana's public policy is advanced by refusing to permit an attorney to acquire a contingent financial interest in any aspect of the divorce proceeding. *Id.*

That contingency fee contracts are void as against public policy does not persuade us that we should—in effect—enforce them against Larry. Therefore, we must reverse and remand this case to the trial court for a hearing on the issue of reasonable attorney's fees.

Judgment reversed.

BAKER and STATON, JJ., concur.