**VENTURE ENTERPRISES, INC. and Randall W. Swoboda, Appellants–Defendants,**

v.

**ARDSLEY DISTRIBUTORS, INC., Appellee–Plaintiff.**

No. 49A04–9603–CV–85.

Court of Appeals of Indiana.

Aug. 9, 1996.

Rehearing Denied Sept. 25, 1996.

Gail M. Valentine, Indianapolis, for Appellants–Defendants.

Sam Stoehr, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant-Appellant Venture Enterprises, Inc. and Randall Swoboda (Swoboda) appeal from an entry of summary judgment in favor of Plaintiff–Appellee Ardsley Distributors, Inc. (Ardsley) on it's action for default of a promissory note executed by Swoboda.

We affirm in part, reverse in part and remand for further proceedings.

### ISSUES

Swoboda presents two issues for our review, which we restate as follows:

1. Whether the trial court erred when it granted summary judgment in favor of Ardsley where Ardsley filed proper motions in support of summary judgment and Swoboda failed to file materials in opposition to summary judgment; and

whether the fact that Ardsley failed to file a responsive pleading to Swoboda's counterclaim alleging set-off, and failed to timely comply with Swoboda's discovery requests should affect the resolution of this issue.

2. Whether the trial court erred in awarding counsel for Ardsley attorney fees in the amount of $9,762.00.

### FACTS AND PROCEDURAL HISTORY

Ardsley is the holder of a promissory note which was executed by Swoboda on behalf of Venture Enterprises. Contemporaneous with the note, Swoboda executed a personal guarantee on the note. The note was executed by Swoboda in part payment of merchandise sold to Swoboda by Ardsley. At the time of the transaction, Swoboda was employed by Ardsley and a portion of the required payments on the note were being satisfied by payroll deductions from Swoboda's paychecks. Regular payments pursuant to the terms of the note ceased after December 31, 1991.

Ardsley filed a complaint in July of 1994, alleging default on the note and sought judgment in the amount of $44,597.61 plus pre-

judgment interest, post-judgment interest and reasonable attorney fees. Swoboda, acting pro se, answered and counterclaimed alleging setoff. Ardsley filed no response to the counterclaim. Swoboda also served Ardsley with a request for production of documents, to which Ardsley did not respond until compelled to comply by court order almost one year later.

In February of 1995, Ardsley moved for summary judgment seeking judgment in the amount of $48,810.00. Swoboda retained counsel to represent him at the summary judgment proceedings. Following the hearing, the trial court granted summary judgment in favor of Ardsley on all issues except on the issue of attorney's fees. Specifically, the court awarded judgment for Ardsley in the amount of $44,597.61, plus interest and requested further documentation from counsel for Ardsley with regard to attorney's fees. Ardsley thereafter filed an affidavit and was awarded $9,762.00 in attorney fees.

Swoboda appeals.

## DISCUSSION AND DECISION

### I. Summary Judgment

Swoboda contends that because Ardsley failed to respond to his counterclaim, all matters alleged therein should be deemed admitted pursuant to Ind.Trial Rule 8(D). It is undisputed that Ardsley never responded to Swoboda's counterclaim alleging set-off. However, Ardsley contends that because Swoboda neither filed a response to its motion for summary judgment, nor designated any evidence, summary judgment was properly entered in Ardsley's favor.

█ Under T.R. 6(C), a defendant to a claim or counterclaim must reply within twenty days. The effect of failure to answer a counterclaim is that the averments of the pleading will be deemed admitted. *Commercial Credit Corp. v. Miller,* 151 Ind.App. 580, 280 N.E.2d 856, 860 (1972); *Hansford v. Maplewood Station Business Park,* 621 N.E.2d 347, 356 (Ind.Ct.App.1993), *reh'g denied; Hudson v. McClaskey,* 641 N.E.2d 36, 44 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* T.R. 8(D) provides that "[a]verments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

At the summary judgment hearing, Swoboda conceded that Ardsley was entitled to judgment; however, argued that the amount of the judgment should be reduced by $5,285.00, an amount which represents payroll deductions taken from Swoboda against the amount he owed on the promissory note. Ardsley objected to the admissibility of this evidence, arguing that there was no evidence in the record to support the assertion that payroll deductions were taken. Swoboda then requested that the court grant partial summary judgment on the issue of liability and set a future hearing on the issue of damages. Ardsley objected, arguing that Swoboda failed to respond to its motion for summary judgment and failed to designate evidence pursuant to the dictates of T.R. 56. Swoboda responded that because of Ardsley's failure to fully respond to discovery requests, Swoboda did not have the necessary information available to respond.

Together with his counterclaim, Swoboda filed a request for production of documents, specifically seeking Ardsley's bank deposit receipts of checks received by Swoboda, customer vending contracts related to claim, and copies of payroll deductions taken from Swoboda while employed at Ardsley. Ardsley did not respond to this discovery request. Just after being retained as counsel, Swoboda's attorney wrote a letter to Ardsley requesting compliance with the discovery request. Ardsley did not respond. Swoboda then filed a motion to compel, which the trial court granted. The following day, the requested materials were made available at the offices of Ardsley's counsel. At the summary judgment hearing, counsel for Swoboda stated that she reviewed 70 vendor contracts on June 8th, but that more contracts existed that had a bearing on the amount of Swoboda's debt to Ardsley. Counsel for Swoboda also indicated that she was presented with additional relevant vendor contracts on the day of the summary judgment hearing.

■ Thus, counsel for Swoboda essentially argued at the hearing that because discovery was incomplete, she was unable to respond to Ardsley's motion for summary judgment. Although it is true that it is generally improper to grant summary judgment when requests for discovery are still pending, this alone would not excuse Swoboda's total failure to comply with T.R. 56 pleading requirements. *See Seufert v. RWB Medical Income Properties I Ltd. Partnership,* 649 N.E.2d 1070 (Ind.Ct.App.1995) (trial court's grant of summary judgment when discovery was pending was not improper where nonmoving party failed to respond with brief and designation opposing summary judgment).

In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton,* 641 N.E.2d 665, 667 (Ind.Ct.App.1994). On appeal, the appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431 (Ind.1993).

In summary judgment proceedings, the burden of production is on the moving party to show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Once the moving party meets this burden, the burden then shifts to the nonmoving party whose response must set forth specific facts indicating that there is an issue of material fact. The nonmovant may not rest upon bare allegations made in the pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute. If the nonmoving party does not respond to a properly supported motion by setting forth specific facts showing a genuine issue for trial, then T.R. 56(E) mandates that summary judgment, if appropriate, be entered against him. *Seufert,* 649 N.E.2d at 1072. However, this court must carefully scrutinize the trial court's decision to ensure that the losing party is not improperly denied his day in

court. *Oelling v. Rao,* 593 N.E.2d 189, 190 (Ind.1992).

T.R. 56(C) provides that an adverse party has "thirty (30) days after service of the motion [for summary judgment] to serve a response and any opposing affidavits." Swoboda neither filed a brief in opposition to Ardsley's motion for summary judgment, nor did he designate any evidence to the trial court which would preclude the entry of judgment in Ardsley's favor. At first blush, Swoboda's failure to respond or to designate any evidence which would raise a genuine issue of material fact seems to dictate affirmance of the trial court's decision. In *Seufert,* we held that because the party opposing summary judgment did not respond within the T.R. 56(C) 30 day time frame, and did not request an extension for doing so, summary judgment was properly entered on behalf of the moving party notwithstanding the fact that further discovery was needed. 649 N.E.2d at 1073.

However, T.R. 56(F) provides a mechanism by which trial courts may alter time limits for filings if additional discovery is required. While in *Seufert,* we held that these remedies are not available to a nonmoving party who has failed to oppose or respond to the motion within the 30 day limit established by T.R. 56(C), Seufert did not file an extension for doing so or request a continuance. *Seufert,* 649 N.E.2d at 1073.

■ Although not denominated at such, Swoboda's June 5th motion for continuance, was essentially a T.R. 56(F) motion asking the court to compel discovery and continue the hearing because Swoboda could not properly oppose the motion without the additional discovery materials. We examine pleadings and treat them according to their content rather than their caption. *Ground v. Methodist Hosp. of Indiana, Inc.,* 576 N.E.2d 611, 613 (Ind.Ct.App.1991), *reh'g denied, trans. denied.* Although Swoboda did not caption his motion as such, its content shows that it was a motion to continue in order to obtain discovery. The court granted that motion and continued the hearing to August 24, 1995. Discovery was obtained at the offices of Ardsley's attorney on June 8, 1995. However, at the hearing, counsel for Swoboda

represented to the court that she learned of the existence of additional vendor contracts that she had not yet subpoenaed.

■■■ The amendments to T.R. 56 creating the requirement that material issues of fact and supporting evidence in opposition to summary judgment be specifically designated did not alter the procedural burden for summary judgment. The purpose of the amendment was merely to limit the scope of materials in the record which a trial court may examine when determining the propriety of summary judgment and what portions of the record may be considered on appeal. The moving party still bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. If the movant fails to make this prima facie showing, then entry of summary judgment in favor of the movant is precluded, regardless of whether the nonmovant did or did not designate facts and evidence in response to the motion for summary judgment. *Leons v. Bloemker*, 649 N.E.2d 1041, 1044 (Ind.Ct.App.1995).

From the designated evidence before us, we find that there is a genuine issue of material fact regarding the issue of set-off. T.R. 8(D) dictates that all matters alleged in Swoboda's counterclaim are deemed admitted. Thus, evidence of a side agreement between the parties is before us wherein Swoboda was to receive credits against his obligation under the note. *See Hudson*, 641 N.E.2d 36 (evidence of set-off deemed part of record due to cross-claim defendant's failure to answer cross-claim). Of course, while T.R. 8(D) aids Swoboda in proving the existence of a side agreement, it does not operate to prove the amount of set-off. Furthermore, reference to the fact that Swoboda had earned credits against the note through a side arrangement was contained in Ardsley's designated material. Specifically, the affidavit in support of Ardsley's motion for summary judgment indicated that Swoboda had received credits against the note. Swoboda should be afforded his day in court where he can present evidence regarding the amount of set-off to which he may be entitled.

Accordingly, we affirm the grant of summary judgment on the issue of liability and reverse on the issue of set-off.

II. Reasonableness of Attorney's Fees

Swoboda contends that the trial court erred when it awarded $9,762.00 in attorney's fees to counsel for Ardsley, when counsel's affidavit reflected only 12.23 hours expended on the case, and that counsel's regular billing rate was $120 per hour.

In its motion for summary judgment, Ardsley requested $9, 762.00 in attorney's fees. In it's order granting summary judgment, the court found that Ardsley had failed to present sufficient evidence with regard to counsel's billing rate and expenses incurred, and ordered counsel to file an affidavit providing itemization and billing rates. Pursuant to the court's order, counsel for Ardsley filed an affidavit documenting 12.23 hours devoted to this matter, and setting out the fee agreement. Following receipt of the affidavit, the court awarded $9,762.00 in attorney fees.

■■■ The trial court's decision to grant or deny attorneys' fees will not be disturbed absent an abuse of discretion. *Kovenock v. Mallus*, 660 N.E.2d 638, 643 (Ind.Ct.App. 1996), *trans. denied.* What constitutes reasonable attorney's fees is a matter largely within the trial court's discretion. *Chicago Southshore & South Bend R.R. v. Itel Rail Corp.*, 658 N.E.2d 624, 634 (Ind.Ct.App.1995) (citing *Canaday v. Canaday*, 467 N.E.2d 783, 785 (Ind.Ct.App.1984)). Since the judge is considered an expert, our decisions continue to adhere to the view that he may judicially know what constitutes a reasonable fee. *Id.*

Although counsel's billing rate was normally $120 per hour, counsel averred in his affidavit that it was customary practice in commercial collection cases to compute attorney fees based on a percentage of the amount of indebtedness. Specifically, counsel alleged that he had entered into a contingent fee agreement with Ardsley under which he was to receive 20% of all sums recovered, contingent upon success of the collection. Counsel for Ardsley submitted an itemized statement, and stated in his affidavit that contingent fee arrangements were cus-

tomary in commercial collection cases. It is also undisputed that Swoboda agreed to pay Ardsley's reasonable attorney fees in the event litigation should become necessary.

■ In *Waxman Industries v. Trustco Development Co.*, 455 N.E.2d 376 (Ind.Ct. App.1983), a panel of this court decided as an issue of first impression whether the obligor of an instrument who is responsible for reasonable attorney fees is bound by a contingent fee contract between the obligee and his attorney. After discussing the contractual nature of the contingent fee agreement between an attorney and his client, we held that

> a contingent fee contract of the obligee or an instrument with his attorney cannot be enforced against the party obligor who has merely agreed in the instrument to pay a "reasonable attorney fee" for the fundamental reason that the obligor has never agreed or has never even been consulted concerning the arrangement.

*Id.* at 381. *See accord Berkemeier v. Rushville Nat. Bank,* 459 N.E.2d 1194 (Ind.Ct. App.1984); *Leibowitz v. Moore,* 477 N.E.2d 946 (Ind.Ct.App.1985), *opinion supplemented by* 480 N.E.2d 607; *Mason v. Mason,* 561 N.E.2d 809 (Ind.Ct.App.1990). Thus, clearly a contingent fee agreement between an attorney and his client is not controlling in fixing a reasonable attorney fee to assess against an opposing party. Ind.Professional Conduct Rule 1.5 has proved a useful guideline for trial courts to use when determining the reasonableness of attorney fees.

■ Because the trial court did not make clear whether it distinguished between the contingent fee sought by counsel and conventional quantum meruit considerations of the reasonable value of the services performed by counsel, we remand this issue for reconsideration.

### CONCLUSION

Based on the foregoing, we affirm in part, reverse in part and remand for the trial court

to consider any set-off to which Swoboda may be entitled. We further remand for the trial court to reconsider, in light of the above discussion, whether $9,762.00 constitutes reasonable attorney's fees.

DARDEN and HOFFMAN, JJ., concur.