**Marjorie GRABACH, as Personal Representative of the Estate of Shirley Asa, Deceased Plaintiff,**

v.

**Delward L. EVANS and Swift Transportation Company, Inc. Defendants.**

**No. CIV. 1:01–CV–230.**

United States District Court, N.D. Indiana, Fort Wayne Division.

March 5, 2002.

Leonard Eilbacker, Eilbacher Scott Inc., Fort Wayne, IN, pro se.

Justin A. Lebamoff, Lebamoff Law Offices, Fort Wayne, IN, for Shirley Asa.

Thomas E. Farrell, Scopelitis, Gaarvin, Light andHanson, Indianapolis, IN, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM C. LEE, Chief Judge.

Presently before the court are cross-motions for summary judgment filed by the Defendants, Delward L. Evans and Swift Transportation Company, Inc. (collectively, "the Defendants;" individually, "Swift" and "Evans") and Marjorie Grabach, personal representative of the estate of Shirley Asa, deceased ("the Estate"). On February 27, 2002, the court held a telephone conference on the motions. For the following reasons, the Defendants' Motion for Summary Judgment will be GRANTED in part, the Estate's Motion for Summary Judgment will be DENIED.

## APPLICABLE STANDARD

Summary judgment is only appropriate by the very terms of Rule 56(c) where there exists "no genuine issue as to any material facts and...the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir.1996). Thus, when cross-motions for summary judgment are filed, the "[c]ourt must take a dual perspective: [e]ach movant has the burden of establishing the absence of any genuine issue of material fact on its own motion." *ITT Industrial Credit Co. v. D.S. America, Inc.*, 674 F.Supp. 1330, 1331 (N.D.Ill.1987).

## DISCUSSION

On May 20, 1999, decedent, Shirley Asa ("Asa"), was a passenger in a vehicle driven by Jeannette Smethers, which vehicle was rear-ended by a freightliner driven by Defendant Evans after he failed to slow his vehicle in accordance with traffic conditions and traffic signals. The collision caused Asa to sustain serious personal injuries ultimately resulting in her death. At the time of the accident, Evans was an employee of Swift.

As a result of these events, Plaintiff filed the instant action in Whitley County Superior Court alleging wrongful death under Ind.Code § 34-23-1-1. Based on diversity, the defendants removed the action to this court and thereafter stipulated liability. The sole question remaining is the amount of damages due and owing under Indiana's Wrongful Death Act ("the Act").

The parties agree that the total pecuniary loss resulting from Asa's death is $143,703.15 consisting of the following expenses:

| | |
|---|---|
| Medical Expenses | $132,241.42 |
| Funeral and Burial Expense | $ 10,092.85 |
| Administration of Estate | $   661.99 |
| Advances & Expenses by Attorney | $   706.89 |

The parties also agree that "reasonable attorney's fees" are part of any recovery under the Act. Where the parties' agreement ends, however, is on the legal issue of whether the Estate may recover from the Defendants as "reasonable attorney's fees" the one-third (1/3) contingency fee the Estate agreed to pay to its attorneys to pursue the wrongful death claim. The Defendants urge that the Act provides only for recovery of a "reasonable attorney's fee" and that as non-parties to the fee arrangement between the Estate and its attorneys, they are only required to pay a reasonable hourly rate for the attorneys' services not the contingency fee that the Estate agreed to pay to its attorneys. It is to this legal question that the court now turns.

As noted, the parties agree that under the Act, an estate of a deceased is entitled to recover "for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee..." Ind.Code § 34–23–I–1. The Estate urges that contingency fee agreements may be used as the basis for determining the reasonable attorney's fee to be paid by the defendants in a wrongful death action. In support of its theory that it is entitled to recover the full one-third (1/3) contingency fee from the Defendants as a reasonable attorney's fee, the Estate cites to *Vollmar v. Rupright,* 517 N.E.2d 1240 (Ind.Ct.App.1988). The Estate believes *Vollmar* stands for the general proposition that contingency fees paid to attorneys to prosecute a wrongful death action are recoverable from the defendants as reasonable attorney's fees. After a

thorough review of *Vollmar,* however, the court concludes that the case addresses a situation entirely different from the one presented here.

In *Vollmar,* an heir of an estate[1] sued the personal representative to set aside a contingent fee award approved by the trial court to be paid to the estate's attorneys out of the proceeds of a settlement in a wrongful death action brought on behalf of the heirs by the personal representative. Vollmar contended that his share of the estate should not be reduced by the contingent fee arrangement because he was a non-party to the agreement between the personal representative and the attorneys he employed. The court rejected this argument stating:

> Vollmar concedes that only the personal representative of a decedent has the authority to bring a wrongful death action...Because they were not parties to the action, it therefore follows that neither Joshua nor Vollmar was required to be a contractual party to the contingent fee arrangement. They had an interest in the outcome of the litigation, but [Rupright], as personal representative, remained the only individual who could pursue the claims. If a personal representative is to effectively pursue wrongful death actions, he must have authority to employ an attorney. To require that all entities with an interest in the prospective res be made parties to fee agreements or be given a voice in the employment of the attorney would undoubtedly result in unreasonable delay and confusion in the resolution of wrongful death claims. Accordingly, the fact that neither Joshua nor Vollmar was a party to the contingent fee agreement

---

1. The plaintiffs were actually the natural father of an heir to the estate and a corporate guardian for that heir.

does not mandate a setting aside of the award of attorneys' fees.

*Vollmar*, 517 N.E.2d at 1243.

The above passage clearly indicates that the *Vollmar* court was addressing the relationship between an heir and the personal representative entitled to bring claims on behalf of the estate not, as in the present case, between the personal representative and a defendant in a wrongful death action.[2] Indeed, *Vollmar* holds only that an heir may be bound by a contingent fee arrangement entered into between a personal representative and the estate's attorneys—a holding consistent with the right of the personal representative to pursue claims on behalf of the estate. The case provides no authority for the question posed here, that is, whether a contingent fee arrangement is *per se* a "reasonable attorney's fee" under the Wrongful Death Act so as to require a defendant in the wrongful death suit to pay the contingent fee as part of the estate's recovery of attorney's fees under the Act. Thus, *Vollmar* does not aid the Estate in its attempt to have the contingent fee added to the recovery to which it is entitled under the Wrongful Death Act.

Having disposed of *Vollmar* as unpersuasive, the issue presented here has been addressed on numerous occasions by Indiana courts. In *Waxman Industries v. Trustco Development Co.*, 455 N.E.2d 376 (Ind.Ct.App.1983), the Indiana Court of Appeals decided whether the obligor of an instrument who is responsible for reasonable attorney fees is bound by a contingent fee contract between the obligee and his attorney. After discussing the contractual nature of the contingent fee agreement between an attorney and his client, the court held that

a contingent fee contract of the obligee or an instrument with his attorney cannot be enforced against the party obligor who has merely agreed in the instrument to pay a "reasonable attorney fee" for the fundamental reason that the obligor has never agreed or has never even been consulted concerning the arrangement.

*Id.* at 381.

Since 1983, the holding in *Waxman* has been applied to numerous scenarios with similar results. For instance, in *Mason v. Mason*, 561 N.E.2d 809, 811 (Ind.Ct. App.1990), the court reiterated its holding in *Waxman* and held that contingency fee

---

2. Notably, the court in *Vollmar* approved the deduction of a contingency fee from the damages recovered from wrongful death settlement. Nowhere did the *Vollmar* court address whether the third party debtor was required to add the contingency fee to the damages owed to the estate as part of a "reasonable attorney's fee." Indeed, one Indiana court has addressed the reasonableness of adding a contingent fee award to a third-party debtor's judgment:

A contingent fee agreement . . . that is the product of a bargain between the attorney and client is presumed to be reasonable as between them. Where such a fee is subtracted from the amount recovered, the third-party debtor is unaffected by the fee agreement. However, it is an entirely different matter when the fee is added to the

judgment against the debtor. In that instance the debtor has a direct pecuniary interest in how the fee is determined. Thus, a one-third contingent fee that is reasonable when deducted from a client's recovery may be unreasonable when added to a debtor's judgment. . .

*Valparaiso Technical Institute, Inc. v. Porter County Treasurer*, 676 N.E.2d 416, 419 (Ind. Ct.App.1997). When faced with such a situation, the court concluded that "without other objective evidence of reasonableness, a contingent fee cannot be added to a judgment against a third party." *Id.* Thus, because the Estate is requesting that the contingent fee be added to the judgment against the Defendants, it is still required to demonstrate the reasonableness of that fee.

agreements may not be used as the basis for determining the reasonable attorney fee to be paid by a nonparty to that fee agreement. *Id.* (citing *Leibowitz v. Moore*, 477 N.E.2d 946 (Ind.Ct.App.1985)); *Berkemeier v. Rushville Nat. Bank*, 459 N.E.2d 1194 (Ind.Ct.App.1984); *Waxman Industries, Inc. v. Trustco Development Co.*, 455 N.E.2d 376 (Ind.Ct.App.1983). Likewise, in *Venture Enterprises, Inc. v. Ardsley Distributors, Inc.*, 669 N.E.2d 1029, 1034 (Ind.Ct.App.1996), the court again addressed the issue stating "[c]learly a contingent fee agreement between an attorney and his client is not controlling in fixing a reasonable attorney fee to assess against an opposing party." Thus, Indiana precedent makes it clear that the contingent fee agreement executed between the Estate and its attorneys is not binding upon the Defendants to the wrongful death action in this case. Accordingly, the court concludes, in line with the above Indiana authorities, that contingency fee agreements may not be used as the sole basis for determining the reasonable attorney's fee to be paid to an estate by a defendant in a wrongful death action.

■ Having arrived at this conclusion, the court's task is not at an end since there still remains the issue of what constitutes a "reasonable attorney's fee" permitted under the Wrongful Death Act in this case. Both *Mason* and *Venture* provide guidelines for courts in determining the reasonableness of an attorney fee request. *Mason* holds, for instance, that "[t]he party who stands to be awarded attorney fees by the trial court must be content with reasonable attorney fees based upon traditional factors" such as consideration of all relevant circumstances, including the attorney's experience, ability, and reputation, the nature of the employment, the responsibility involved, and the results obtained. *Id.* (citing *Waxman*, 455 N.E.2d at 382). The *Venture* court provides further guidance in stating "Ind.Professional Conduct Rule 1.5 has proved a useful guideline for trial courts to use when determining the reasonableness of attorney fees." *Venture*, 669 N.E.2d at 1034. Using these factors as a baseline for determining what constitutes a reasonable fee, the court shall set the matter for an evidentiary hearing on March 14, 2002 at 9 a.m. The court will thereafter enter an order disposing of the fee issue.

### CONCLUSION

Based on the foregoing, the Defendants' Motion for Summary Judgment is granted in part as outlined above and denied in part. The Estate's Motion for Summary Judgment is DENIED. A damages hearing shall be held on March 14, 2002 at 9:00 a.m.