ATTORNEY FOR APPELLANT
Susan E. Cline
Lewis Wagner, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
George C. Gray
Daniel L. Robinson
Gray Robinson Ryan & Fox, P.C.
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA TRIAL LAWYERS ASSOCIATION
Robert W. Johnson
Johnson Jensen LLP
Indianapolis, Indiana



FILED
Aug 26 2014, 3:08 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

_____

No. 49S05-1404-CC-209

INDIANA PATIENT'S COMPENSATION FUND,       *Appellant (Respondent),*

v.

JUDY HOLCOMB, PERSONAL REPRESENTATIVE OF THE ESTATE
    OF MABLE LOUISE COCHRAN, Deceased,      *Appellee (Petitioner).*

_____

Appeal from the Marion Superior Court, No. 49D06-1108-CC-32645
The Honorable Thomas J. Carroll, Judge

_____

On Transfer from the Indiana Court of Appeals, No. 49A05-1207-CC-340

_____

**August 26, 2014**

**Dickson, Justice.**

This case presents a question of first impression: whether Indiana's Medical Malpractice Act's cap on attorney fees from a Patient Compensation Fund award also applies to reduce the Fund's liability. In this adult wrongful death medical malpractice case, the trial court ordered payment by the Fund to the Estate, without any reduction to reflect the

limitation on attorney fees. In a divided opinion, the Court of Appeals reversed and remanded. Ind. Patient's Comp. Fund v. Holcomb, 998 N.E.2d 989 (Ind. Ct. App. 2013). We granted transfer and now affirm the trial court.

Mable Louise Cochran died on January 8, 2011. Her daughter, Judy Holcomb, as personal representative of her mother's estate, commenced an adult wrongful death medical malpractice action against Careage of Logansport, Inc., alleging negligent care by the defendant nursing home, a qualified health care provider under Indiana's Medical Malpractice Act (MMA). *See* Ind. Code § 34-18 *et seq.* The Estate settled its claim against the nursing home for $250,000, the maximum liability of the health care provider under the MMA. This settlement was approved by Judge Thomas C. Perrone, Cass Superior Court No. 1. The Estate thereafter initiated this action by filing a petition to determine the amount of excess damages due to the Estate from the Indiana Patient's Compensation Fund pursuant to Indiana Code section 34-18-15-3. The Estate and the Fund quickly reached an accord as to an itemized list of most of the Estate's damages recoverable under the Adult Wrongful Death Statute (AWDS), Ind. Code § 34-23-1-1, but left the attorney fee component of damages for determination by the court. The Fund paid the Estate $101,166.89 to settle these damages. The Estate has argued that the Fund should pay an additional $50,440 for attorney fees. The Fund has not disputed the reasonableness of this amount but has argued that the 15% limit on attorney fees imposed by the MMA, *see* Ind. Code § 34-18-18-1 (the "Fee Cap Provision"), should be judicially expanded to directly apply to the Fund and to limit its liability on a basis unrelated to the specific attorney fee claim. Following a hearing, the trial court entered judgment accepting the Estate's position and ordered the Fund to pay the Estate $50,440 as the Fund's remaining liability for excess wrongful death damages.

On appeal, the Fund argues that, in an action to recover for the wrongful death of an adult, the Fee Cap Provision should be construed and applied such that the Fund should not be required to pay to a claimant an amount for attorney fees that exceeds the 15% Fee Cap Provision. The Fund requests that we reduce the trial court's award to the Estate from $50,440 to $17,852.98. The Estate responds that the plain, clear, and unam-

2

biguous language of the Fee Cap Provision "merely limits what an attorney can charge a claimant from a recovery of excess damages from the [Fund], and does not limit or even address the assessment of attorney's fees as a damage caused by a tortfeasor; and does not address the calculation of excess damages payable by the [Fund]." Appellee's Br. at 8.

The principal statutory provision at issue, the Fee Cap Provision, states as follows:

> When a plaintiff is represented by an attorney in the prosecution of the plaintiff's claim, the plaintiff's attorney's fees from any award made from the patient's compensation fund may not exceed fifteen percent (15%) of any recovery from the fund.

Ind. Code § 34-18-18-1.

Under the MMA, the Fund must pay all damages in excess of the initial $250,000 payable from qualified health care providers.[1] Damages recoverable under the AWDS include reasonable attorney fees incurred in the prosecution of an action. *See* Ind. Code § 34-23-1-1 (stating that the remainder of the damages, after paying for reasonable medical, hospital, funeral and burial expenses, inure in part "to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, *including a reasonable attorney's fee . . . .*") (emphasis added); Ind. Code § 34-23-1-2(c). Our case law confirms that reasonable attorney fees and litigation expenses incurred in the prosecution of an action under the

---

[1] *See, e.g.*, the following:

> Any amount due from a judgment or settlement that is in excess of the total liability of all liable health care providers . . . shall be paid from the patient's compensation fund . . . .

Ind. Code § 34-18-14-3(c).

> . . . the court shall . . . determine the amount of claimant's damages, if any, in excess of the two hundred fifty thousand dollars ($250,000) already paid by the insurer of the health care provider. The court shall determine the amount for which the fund is liable and make a finding and judgment accordingly.

Ind. Code § 34-18-15-3(5). *See* Atterholt v. Herbst, 902 N.E.2d 220, 222 (Ind. 2009), *clarified on reh'g*, 907 N.E.2d 528 (Ind. 2009) (describing recovery limits under Indiana's Medical Malpractice Act).

3

AWDS are an element of damages. *See* McCabe v. Comm'r, Ind. Dep't of Ins., 949 N.E.2d 816, 821 (Ind. 2011); Hematology-Oncology of Ind., P.C. v. Fruits, 950 N.E.2d 294, 297 (Ind. 2011) (applying McCabe and rejecting the argument that the MMA's 15% attorney fee limitation applies only to contingent attorney fee contracts); Ind. Patient's Comp. Fund v. Brown, 949 N.E.2d 822, 824 (Ind. 2011) (also applying McCabe). In other words, in cases subject to both the Medical Malpractice Act and the Adult Wrongful Death Statute, attorney fees as an element of damages are to be included in the overall calculation of damages.

In retaining its attorneys to pursue this AWDS claim, the Estate entered into a contingent fee contract. This was a sliding scale fee arrangement of the type expressly approved by this Court in In the Matter of Stephens, 867 N.E.2d 148, 155–56 (Ind. 2007). In this case, however, with respect to the Estate's claim for the attorney fee component of the Estate's total damage claim under the AWDS, the Estate did not request payment of its full contingent attorney fee obligation, but rather only a portion thereof—$50,440, based on an hourly rate and the number of attorney hours expended in representing the Estate in the wrongful death medical malpractice action. The Estate explains that this reduced claim for AWDS attorney fees is guided by federal and state case law. *See* Grabach v. Evans, 196 F. Supp. 2d 746, 749–750 (N.D. Ind. 2002); Shepard v. Schurz Communications, Inc., 847 N.E.2d 219, 226 (Ind. Ct. App. 2006), *trans. not sought*; and Waxman Indus., Inc. v. Trustco Dev. Co., 455 N.E.2d 376, 381 (Ind. Ct. App. 1983), *trans. not sought*. The Fund does not contest the reasonableness of this fee, but it asserts that the Fee Cap Provision should be judicially expanded and directly applied to reduce the Fund's liability to the Estate so that the attorney fee component is only 15% of its total excess liability.

The language of the Fee Cap Provision is clear and unambiguous. It declares that in malpractice cases "the plaintiff's attorney's fees from any award made from the patient's compensation fund may not exceed fifteen percent (15%) of any recovery from the fund." Ind. Code § 34-18-18-1. Thus attorney fees payable from the excess damages recovered from the Fund are limited by section 34-18-18-1 of the Medical Malpractice Act

4

to 15% of the excess payment.  This limitation, however, is not a matter for determination in the litigation of a plaintiff's claim against the Fund, but rather in the course of resolving the plaintiff's attorney's claim for fees from his or her client.  The plain language of section 34-18-18-1 caps the fees the plaintiff's attorney may charge a plaintiff with respect to the plaintiff's award from the Fund (i.e., the amount over $250,000), but the Fee Cap Provision does not expressly direct or authorize any reduction in the Fund's total liability to the plaintiff.

Notwithstanding the clear language of the Fee Cap Provision, the Fund argues that it should be construed to diminish the Fund's liability for excess damages.  Specifically, the Fund suggests its maximum liability in a claim under the AWDS be determined by calculating a total amount that, after subtracting 15% of it, would yield the amount of excess wrongful death damages without the attorney fee component.  This total amount would represent the Fund's maximum excess liability, subject to reduction for any payments already made by the Fund, as in this case.[2]

If we were to judicially modify the statute in a manner to reduce the Fund's liability to a plaintiff, however, the calculation here proposed by the Fund is not the exclusive possible methodology.  For example, an alternative method of calculation would first allocate the attorney fee component of the AWDS claim proportionately between the

_____

[2] The Fund's argument, as applied to the facts of this case, may be mathematically illustrated as follows:

| | |
|---|---|
| Total damages under AWDS but without attorney fees: | $351,166.89 |
| Amount paid by the underlying qualified provider | ($250,000.00) |
| Fund's excess liability absent attorney fees | $101,166.89 |

To project Fund's maximum liability including attorney fees capped at 15%, divide Fund's excess liability absent attorney fees by 85%:

$101,166.89 $\geq$ 85% x Fund's maximum liability including capped fees; so,
$101,166.89 $\div$ 0.85 $\geq$ Fund's maximum liability including capped fees
Fund's maximum liability including capped fees $\leq$ $119,019.87

Fund's remaining liability to Estate = Fund's liability including capped fees less payment made
$119,019.87 - $101.166.89 = **$17,852.98**

5

$250,000 provider payment and the portion of excess damages payable from the Fund, other than the attorney fees component, and then apply the 15% cap only to the attorney fees component attributable to the Fund's portion of the total AWDS damages.[3]

Even if the Fee Cap Provision were judicially revised to limit the Fund's liability, it would remain unclear which of these two alternative calculations—or other methods—should be used to determine the amount of the Fund's liability.  The variation in calculation methodologies that could be considered if the Fee Cap Provision operated to reduce the Fund's liability to an AWDS plaintiff further illustrates the wisdom of judicial restraint and deferring public policy determinations to the legislative branch.  In crafting the language of the Fee Cap Provision, the General Assembly did not direct any reduction in the Fund's liability to a plaintiff, nor any methodology to be employed.  Rather, the 15% limitation expressly applies to "the plaintiff's attorney's fees."  Ind. Code § 34-18-18-1. That is, the legislature chose language that applied the 15% limit only on

---

[3] As applied to the facts of this case, this alternative methodology may be mathematically illustrated as follows:

Total damages including claimed attorney fees under AWDS
= $351,166.89 + $50,440 = $401,606.89

| | |
|---|---|
| Total AWDS damages including claimed attorney fees: | $401,606.89 |
| Amount paid by the underlying qualified provider | ($250,000.00) |
| Excess AWDS damages payable by Fund | $151,606.89 |

Proportion of attorney fee claim on the excess AWDS damages attributable to the Fund
= Excess damages ÷ Total recoverable damages including attorney fees under AWDS
= $151,606.89 ÷ $401,606.89 = 0.3775

Total attorney fees claimed x Fund's percentage of total damages excluding fees would
= $50,440 x 0.3775 = $19,041.10 = proportion of attorney fees on award from Fund

To determine whether the Fund's portion of attorney fees exceeds the 15% cap, multiply by 15% the sum of the Fund's non-fee excess damages and the Fund's proportion of claimed attorney fees, and compare the result to the attorney fees proportionately attributable to the Fund as calculated above.

0.15 x ($101,166.89+19,041.10) = 0.15 x $120,207.00 = $18,031.20
Fund portion of fees ($19,041.10) exceeds fees capped at 15% ($18,031.20)

Because Fund already paid $101,166.89, balance due Estate would be **$18,031.20**.

6

the attorney fees that an attorney could charge his or her client on the client's award received from the Fund.[4] If the legislature intended the 15% limitation to reduce the liability of the Fund to an AWDS claimant, then it would have clearly directed such result, specified the method of calculation to be utilized, and placed the Fee Cap Provision in Chapter 14 of the MMA—the chapter entitled "Limits on Damages." *See* Ind. Code § 34-18-14 *et seq*. Principles of judicial restraint compel us to interpret and apply the Fee Cap Provision as written and to refrain from judicially rewriting this legislative enactment.

In conclusion, we decline to construe the Fee Cap Provision of the Indiana Medical Malpractice Act, Ind. Code § 34-18-18-1, to reduce the Patient's Compensation Fund's liability to a plaintiff AWDS claimant. The Fee Cap Provision applies only to cap the fees that the plaintiff's lawyer may charge his or her client as to the award the client receives from the Fund, but it does not lessen the Fund's liability to a claimant. We affirm the judgment of the trial court.

Rush, C.J., and Rucker, David, and Massa, JJ., concur.

---

[4] "The MMA limits a lawyer's recovery to 15% of the amount the client recovers from the Fund, *see* Ind. Code § 34-18-18-1, but it specifies no limit on attorney fees recovered from the amount a client receives from a Qualified Provider." In the Matter of Stephens, 867 N.E.2d 148, 150 (Ind. 2007).