MARC STULTS, Appellant-Petitioner,
v.
ANDERSON POLICE DEPARTMENT, ET AL., Appellees-Respondents.
No. 48A02-0502-CV-98
Court of Appeals of Indiana.
August 23, 2006
MARC STULTS, Carlisle, Indiana, APPELLANT PRO SE.
DAVID A. HAPPE, City of Anderson, Anderson, Indiana, ATTORNEY FOR APPELLEE.

MEMORANDUM DECISION
ROBB, Judge.

Case Summary and Issue
Marc Stults sought and was denied access to certain records by the Anderson City Attorney on behalf of the Chief of Police of the Anderson Police Department (collectively referred to as "Anderson PD"). Stults filed a complaint against Anderson PD seeking to compel access to the records. The trial court granted summary judgment to Anderson PD, and Stults now appeals, raising two issues that we consolidate as one: whether the trial court properly granted summary judgment. We affirm.

Facts and Procedural History
On July 9, 2004, Stults sent a letter addressed to the Chief of Police of the Anderson Police Department seeking, pursuant to the Indiana Access to Public Records Act, a copy of
[a]ny and all `investigatory records' pertaining to the charge of `Battery' that was allegedly comitted [sic] by . . . Dawn Bose Diaz on August 3, 1998 . . . that was initiated by Officer Dunham. This record shall also include any summons or subpoenas mailed to her to her [sic] address . . . and any information leading to her summons and arrest as well as the time and location of her arrest or the issuance of the summons.
Appellant's Appendix at 62. David A. Happe, Anderson City Attorney, replied by letter as follows:
Your recent request for records was referred to me. At least some of the documents you requested do not exist within the custody or control of the City of Anderson.
To the extent you are requesting investigatory records of Anderson Police Department, these are exempted from mandatory disclosure as public records, pursuant to the investigatory records exception contained in I.C. 5-14-3-4(b). Because these records are unrelated to the cause of your incarceration, and in fact relate to the woman you brutally attacked, causing your current incarceration, the City of Anderson is declining your request.
If you believe these records are relevant to your conviction, please attempt to obtain them through the Prosecutor, or the Court with jurisdiction over your case. They are not available to you through I.C. 5-14-3.
Id. at 64. Stults thereafter filed a complaint against Anderson PD pursuant to Indiana Code section 5-14-3-9(e), seeking to compel access to the records. Anderson PD simultaneously answered the complaint and filed a motion for summary judgment. The trial court set a hearing on the motion for summary judgment. Stults thereafter served discovery on Anderson PD and requested that the summary judgment hearing be continued. The trial court denied the continuance. No actual hearing was held on the motion for summary judgment, as Stults did not appear, but the trial court issued an order after the hearing date granting Anderson PD's motion.

Discussion and Decision

I. Standard of Review
On appeal from a grant of summary judgment, our standard of review is the same as that of the trial court. Wilcox Mfg. Group, Inc. v. Mktg. Servs. of Indiana, Inc., 832 N.E.2d 559, 562 (Ind. Ct. App. 2005). We stand in the shoes of the trial court and apply a de novo standard of review. Id. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. Wilcox Mfg. Group, Inc., 832 N.E.2d at 562. We view the pleadings and designated materials in the light most favorable to the non-moving party. Id. Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. Troxel Equip. Co. v. Limberlost Bancshares, 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), trans. denied.
A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. Wilcox Mfg. Group, Inc., 832 N.E.2d at 562. We will affirm upon any theory or basis supported by the designated materials. Id. When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. Id.

II. Summary Judgment for Anderson PD
Stults contends that the trial court erred in denying his motion for continuance and granting summary judgment when his discovery requests were still pending. He also contends that Anderson PD did not prove that summary judgment should be entered in its favor.

A. Summary Judgment while Discovery is Pending
In general, it is inappropriate to grant summary judgment when requests for discovery are pending. Seufert v. RWB Med. Income Props. I Ltd. P'ship, 649 N.E.2d 1070, 1073 (Ind. Ct. App. 1995). In Seufert, however, we held that this rule does not apply when the nonmovant has failed to respond to the motion for summary judgment within the required time frame. Id. RWB, the landlord in that case, sued its tenants for breach of a commercial lease. The tenants served RWB with discovery requests, and RWB replied that it would produce the requested documents and make certain individuals available for deposition at its offices in Atlanta, Georgia. RWB also filed a motion for summary judgment. The tenants did not file a response, affidavits, or a request for an extension of time to do so within thirty days of the motion. On the date set for hearing on the motion, the tenants filed a response requesting a continuance of the hearing and a motion to compel discovery. The trial court denied the motions and granted summary judgment to RWB. On appeal, we noted that Trial Rule 56 "requires an adverse party to respond within 30 days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response." Id. Although discovery was pending, the tenants were still required to comply with the pleading requirements of Trial Rule 56. As they completely failed to do so and were unable to demonstrate why discovery was needed before a response could be made, summary judgment was appropriate. Id.
Here, Anderson PD filed its motion for summary judgment on September 13, 2004. On October 22, 2004, the trial court entered an order setting the matter for hearing on December 20, 2004. Stults took no action until November 29, 2004, when he filed a notice with the trial court that he had served discovery on Anderson PD on November 23, 2004. Because Stults did not respond to Anderson PD's motion for summary judgment in any way within the time allotted by Trial Rule 56, his pending discovery motions were no impediment to the entry of summary judgment. Moreover, the general rule regarding summary judgment when discovery is pending also does not apply when the pending discovery is unlikely to develop a genuine issue of material fact. Mutual Sec. Life Ins. Co. by Bennett v. Fidelity and Deposit Co. of Maryland, 659 N.E.2d 1096, 1103 (Ind. Ct. App. 1995), trans. denied. Stults asserted in his motion for continuance of the summary judgment hearing that he "can not properly oppose [Anderson PD's] motion until a discovery plan is conducted." Appellant's Appendix at 13. However, the motion also stated that he was "attempting to gather response to Interrogatories and Requests for Production of Documents, in that the original complaint can be amended specifying the defendants names listed in that complaint." Id. Stults did not allege any other information he hoped to gain from his discovery requests. As the proper names of the defendants are not pertinent to the issue of whether or not his public records request was properly denied, the trial court did not err in proceeding to make a summary judgment determination while discovery remained pending.

B. Support for Summary Judgment
Stults also claims that Anderson PD did not meet the standard for a grant of summary judgment in its favor. Anderson PD's motion for summary judgment was not accompanied by any affidavits or a designation of evidence. This does not automatically mean that Anderson PD has not made the required showing, however, as Trial Rule 56 provides that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Ind. Trial Rule 56(B) (emphasis added). This case presents purely a question of law based upon interpretation of a statute, and the absence of factual evidence in the form of affidavits is not fatal.
The Access to Public Records Act begins from the premise that all public records are accessible. Ind. Code § 5-14-3-3(a) ("Any person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter."). Indiana Code section 5-14-3-4 then provides certain exceptions to the general rule. One of those exceptions is for "[i]nvestigatory records of law enforcement agencies," which are excepted from the general rule "at the discretion of a public agency." Ind. Code § 5-14-3-4(b)(1). An "investigatory record" is defined as "information compiled in the course of the investigation of a crime." Ind. Code § 5-14-3-2(h). The burden of proof is on the public agency to sustain its denial. Ind. Code § 5-14-3-9(f). Further,
If the issue in a de novo review under this section is whether a public agency properly denied access to a public record because the record is exempted under section 4(b) of this chapter:
(1) the public agency meets its burden of proof under this subsection by:
(A) proving that the record falls within any one (1) of the categories of exempted records under section 4(b) of this chapter; and
(B) establishing the content of the record with adequate specificity and not by relying on a conclusory statement or affidavit; and
(2) a person requesting access to a public record meets the person's burden of proof under this subsection by proving that the denial of access is arbitrary or capricious.
Ind. Code § 5-14-3-9(g).
Stults' letter seeking access to records specifically requested "any and all `investigatory records' . . . ." Appellant's Appendix at 62. The nature of the records is not therefore in dispute. As there is no dispute that the records Stults seeks are investigatory records, Anderson PD was entitled to deny access to them at its discretion. Stults cannot overcome Anderson PD's assertion of the investigatory records exception by asserting that the denial was arbitrary and capricious based upon the reasons stated for the denial. See Althaus v. Evansville Courier Co., 615 N.E.2d 441, 446 n.5 (Ind. Ct. App. 1993) ("[O]nce the Coroner properly asserts the Investigatory Records exception, the Newspaper may not overcome this assertion by arguing the denial was arbitrary and capricious.").[1]

Conclusion
The trial court was not precluded from granting summary judgment even though discovery was pending because of Stults' failure to timely respond to Anderson PD's motion for summary judgment. The trial court did not err in granting summary judgment to Anderson PD because the records Stults was seeking were investigatory records, access to which could be denied in the agency's discretion. The trial court's judgment is affirmed.
Affirmed.
SHARPNACK, J., and NAJAM, J., concur.
NOTES
[1] To the extent Stults seeks any records that fall under Indiana Code section 5-14-3-5, which concerns arrest, summons, and jail information that is not subject to the investigatory records exception, see Ind. Code § 5-14-3-4(b)(1) ("[C]ertain law enforcement records must be made available for inspection and copying as provided in section 5 of this chapter."), Anderson PD asserted that it was not the agency in possession of that information and therefore, it cannot be charged with disclosing it.